**Mmoja AJABU, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–9801–CR–44.

Court of Appeals of Indiana.

Dec. 10, 1998.

Timothy J. Miller, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, K.C. Norwalk, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Appellant-defendant Mmoja Ajabu appeals his conviction for Resisting, Obstructing or Interfering With a Law Enforcement Officer by Force,[1] a Class A misdemeanor. Specifically, Ajabu contends that the evidence was insufficient to demonstrate that he forcibly resisted law enforcement.

### FACTS

The facts most favorable to the judgment reveal that on the night of June 4, 1996, Ajabu joined several others in a demonstration on Monument Circle in Indianapolis to protest the scheduled execution of Tommy Smith. The protest coincided with a gathering of thousands of people to observe the Olympic torch pass through Indianapolis. Record at 19. The Indianapolis Police Department had assigned a number of police officers to control the scene. As the torch drew near, Officer Paul McDonald observed Roy Roberson attempting to light an American flag that was being held by Ajabu. Officer McDonald testified that he ordered Roberson not to light the flag because it would be "too dangerous." R. at 199–200. Howev-

---

1. IND.CODE 35–44–3–3(a)(1).

er, Ajabu continued to direct Roberson to ignite the flag. Officer McDonald proceeded to grab Ajabu and the flag. Ajabu reacted by holding onto his flag and twisting and turning "a little bit." R. at 200. Thereafter, Sergeant Thomas Dubois attempted to recover the flag while Officer McDonald sprayed mace into Ajabu's face. Sergeant Dubois then dragged Ajabu for eight to ten feet before Ajabu finally released the flag. R. at 250.

The State charged Ajabu with Resisting, Obstructing or Interfering With a Law Enforcement Officer by Force,[2] a Class A misdemeanor, and Disorderly Conduct,[3] a Class B misdemeanor. Following a bench trial which commenced on November 19, 1997, Ajabu was convicted of resisting, obstructing or interfering with a law enforcement officer by force and acquitted of disorderly conduct.[4] On December 9, 1997, the trial court sentenced Ajabu to 365 days in jail, giving him credit for the seventy-seven days served and suspending the balance with no probation. R. at 520. Ajabu now appeals.

### DISCUSSION AND DECISION

■ Initially, we note our standard of review. When reviewing a claim of sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *McKinney v. State*, 686 N.E.2d 844, 845 (Ind. 1997). We look only to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* This court will affirm the conviction if evidence of probative value exists from which the trier of fact could find the defendant guilty beyond a reasonable doubt. *Id.*

■ I.C. § 35-44-3-3(a)(1) provides as follows:

A person who knowingly or intentionally ... forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer ... commits resisting law enforcement, a Class A misdemeanor....

Our supreme court has made clear that, under this statute, any action to resist must be done with force. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind.1993) (reversing defendant's conviction for resisting law enforcement because there was insufficient evidence of force where defendant merely resisted service of process by vehemently refusing to accept service and turning and walking away). A defendant "forcibly resists" law enforcement when "strong, powerful, violent means" are utilized to evade an officer's lawful exercise of his duties. *Id.* at 723. Therefore, "some form of violent action toward another" is required, and if a defendant does nothing more than stand his ground, this requirement is not satisfied. *Id.* at 724.

■ At trial, the State argued that Ajabu forcibly resisted Officer McDonald by refusing to release the flag. The trial court agreed and made the following statement at the sentencing hearing:

Mr. Ajabu felt that, of course, he was ... it was his flag, he was going to ... his property and he wasn't going to give it up. And I felt he should have done so. Perhaps as Mr. Roberson did. But he didn't. He resisted and hung on to the flag and resisted the securing of the flag. And for that reason I'm going to enter a finding of guilty to Resisting Law Enforcement on Mr. Ajabu.

R. at 517 (omission in original). We agree inasmuch as the facts do establish that Ajabu resisted Officer McDonald. Specifically, the record reveals that Ajabu twisted and turned a little as he held onto his flag, even after being maced, and only let go after Officer

---

2. The charging information on this count read as follows:

MMOJA AJABU, on or about June 4, 1996, knowingly and forcibly resisted, obstructed or interfered with Paul McDonald, a law enforcement officer employed by the Indianapolis Police Department, while this officer was lawfully engaged in his duties as a law enforcement officer.

R. at 20C.

3. IND.CODE § 35-45-1-3.

4. The trial court found Ajabu not guilty of disorderly conduct because he was not "engaging in [the flag burning] to disrupt the lawful assembly of persons but to simply carry out a [constitutionally protected] protest." R. at 512–13, 517.

Dubois dragged him approximately eight to ten feet.

While we agree that this evidence establishes some resistance by Ajabu, the record fails to disclose any evidence from which a reasonable trier of fact could conclude beyond a reasonable doubt that Ajabu acted forcibly, as defined by our supreme court in *Spangler*.[5] The evidence merely shows that Ajabu resisted Officer McDonald by claiming ownership and holding onto his flag. The record does not reveal any evidence that Ajabu made threatening or violent actions toward the police. Based on the evidence in the record, we are compelled to hold that the facts presented at trial were insufficient to establish Ajabu's guilt beyond a reasonable doubt.

Judgment reversed.

GARRARD and ROBB, JJ., concur.

---

5. The State cites *Small v. State*, 632 N.E.2d 779 (Ind.Ct.App.1994), *trans. denied*, as an example of a case that "distinguished and analyzed" *Spangler*. Appellee's Brief at 7. However, the facts of *Small* are inapposite to those in the instant case. In *Small*, the defendant led police on a foot chase, a car chase and then another foot chase. When an officer was finally able to inform him that he was under arrest, the defendant pulled away from the officer's grasp, began to walk away and then struck the officer in the chest with his fist. The defendant again fled. The officer apprehended him and they began to wrestle in the street. The struggle continued in a moving car with both the defendant and the officer "still half-way hanging out of the car." *Id.* at 781–82. We fail to see any similarity between *Small* and the case at hand.