**Edwin BERBERENA, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0901–CR–87.**

Court of Appeals of Indiana.

July 23, 2009.

Publication Ordered Sept. 25, 2009.

Transfer Denied Dec. 10, 2009.

Joel M. Schumm, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Edwin Berberena appeals his conviction for Resisting Law Enforcement, as a Class A misdemeanor, following a bench trial. He presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On October 5, 2008, Berberena and his fiancee were walking down an Indianapolis street when they began to argue. Officer William Amberger observed Berberena "pushing" his fiancee in the head, and the officer intervened. Transcript at 8. Officer Amberger approached the couple and "gave several loud verbal commands" for

Berberena to stop. *Id.* Officer Amberger ordered Berberena to put his hands behind his back, but he did not comply. Officer Amberger then "had to forcefully place [Berberena] against the wall of the building. [Berberena's] chest was facing the building, and [Officer Amberger] had to struggle with him to grab his hands and place them in handcuffs." *Id.* at 10.

The State charged Berberena with public intoxication and resisting law enforcement. Following a bench trial, the trial court found Berberena guilty of resisting law enforcement, but not guilty of public intoxication. This appeal ensued.

## DISCUSSION AND DECISION

Berberena contends that the evidence is insufficient to support his conviction. When reviewing the claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State,* 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

To prove resisting law enforcement, as a Class A misdemeanor, the State was required to prove that Berberena knowingly and forcibly resisted, obstructed, or interfered with Officer Amberger while said officer was lawfully engaged in the execution of his duties as a law enforcement officer. *See* Ind.Code § 35–44–3–3. On appeal, Berberena maintains that the evidence is insufficient to show that he forcibly resisted Officer Amberger. We must agree.

In *Spangler v. State,* 607 N.E.2d 720 (Ind.1993), our Supreme Court examined the elements of the crime of resisting law enforcement. As the Court recently explained in *Graham v. State,* 903 N.E.2d 963, 965 (Ind.2009),

> [In *Spangler,*] Justice DeBruler noted that the word "forcibly" modifies "resists, obstructs, or interferes" and that *force is an element of the offense.* He explained that one "forcibly resists" when "strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." Spangler had refused to accept service of process from an officer, walking away from the officer in the face of demands that he accept a protective order. [The Supreme] Court held that such action was resistance to authority but not "forcible" resistance. "It is error as a matter of law to conclude ... that 'forcibly resists' includes all actions that are not passive." Spangler's conviction was reversed.

(Emphasis added). And our Supreme Court has observed:

> The force involved need not rise to the level of mayhem. In *Johnson v. State,* 833 N.E.2d 516, 517 (Ind.Ct.App.2005), a defendant in custody "pushed away with his shoulders while cursing and yelling" when the officer attempted to search him. As officers attempted to put him into a police vehicle, Johnson "stiffened up" and the police had to get physical in order to put him inside. The Court of Appeals correctly held that Johnson's actions constituted forcible resistance.

*Id.* at 965–66.

In *Graham,* our Supreme Court distinguished *Johnson* and reversed the defendant's conviction. The evidence showed that Graham refused to present his hands for cuffing after officers repeatedly yelled at him to do so. Officers "proned him out, belly down on the ground and ... then put

his arms behind his back and handcuffed him." *Id.* at 965. The Court held that refusing to present one's arms for cuffing, without more, does not constitute use of force. Specifically, the Court stated, "[w]hile even 'stiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice, there is no fair inference here that such occurred." *Id.* at 966.

In *Ajabu v. State,* 704 N.E.2d 494 (Ind. Ct.App.1998), this court also carefully analyzed the distinction between forcible and passive resistance. Ajabu was holding a flag and refused to release the flag as officers attempted to arrest him. The evidence showed that Ajabu "twisted and turned a little as he held onto his flag, even after being maced, and only let go after Officer Dubois dragged him approximately eight to ten feet." *Id.* at 495–96. On appeal from his conviction for resisting law enforcement, we held as follows:

> While we agree that this evidence establishes some resistance by Ajabu, the record fails to disclose any evidence from which a reasonable trier of fact could conclude beyond a reasonable doubt that Ajabu acted forcibly, as defined by our supreme court in *Spangler.* The evidence merely shows that Ajabu resisted Officer McDonald by claiming ownership and holding onto his flag. *The record does not reveal any evidence that Ajabu made threatening or violent actions toward the police.* Based on the evidence in the record, we are compelled to hold that the facts presented at trial were insufficient to establish Ajabu's guilt beyond a reasonable doubt.

*Id.* at 496 (footnote omitted, emphasis added).

Here, Officer Amberger testified in relevant part as follows:

His chest was facing the building, and I had to struggle with him to grab his hands and place him in handcuffs.

Q: Approximately how long was this interaction with the defendant?

A: It wasn't very long. I don't know. I can't give a time.

\* \* \*

And I was struggling to gain control of his hands to place them behind his back.

\* \* \*

I just forcibly placed his hands [sic] and put them in handcuffs.

\* \* \*

Q: Officer, what was Mr. Barbarena doing with his hands when you tried to place him in handcuffs?

A: Sir, I don't exactly know. I know I was struggling with him to get control of his hands.

Q: Where did he have his hands?

A: Once again I can't recall.

Transcript at 10–14.

The lack of evidence here is similar to that in *Ajabu* and distinct from *Johnson.* Officer Amberger's testimony that he struggled to place the handcuffs on Barbarena's wrists is ambiguous. He did not testify, and there is no evidence, that Barbarena stiffened his arms or otherwise "made threatening or violent actions" to contribute to the struggle. *See Ajabu,* 704 N.E.2d at 496. Indeed, Officer Amberger could not remember what Barbarena was doing with his hands, and the struggle did not last very long.

The dissent relies in part on the definition of "struggle" to support affirming Berberena's conviction. But applying that definition to the circumstances here supports reversal. In struggling with Berberena, Officer Amberger made exertions

or efforts against "difficult or forceful opposition." (Emphasis added). Because there was no evidence that Berberena's opposition was forceful rather than merely difficult, the evidence is insufficient to support his conviction. *See, e.g., Braster v. State*, 596 N.E.2d 278, 280 (Ind.Ct.App. 1992) (reversing resisting law enforcement conviction where officer had to "sweep [defendant's] legs out from under him" where the evidence showed "there was no force involved on defendant's part."), *trans. denied.*

As our Supreme Court held in *Graham*, "[i]t is error as a matter of law to conclude . . . that 'forcibly resists' includes all actions that are not passive." 903 N.E.2d at 965. In sum, force is an element of the offense, *id.*, but there is simply no evidence of force. We hold that the evidence is insufficient to support Barbarena's resisting law enforcement conviction.

Reversed.

FRIEDLANDER, J., concurs.

VAIDIK, J., dissents with separate opinion.

VAIDIK, Judge, dissenting.

I respectfully dissent from the majority's conclusion that Edwin Berberena's actions did not constitute forcible resistance.

In my view, the evidence meets the definition of "forcible" resistance espoused most recently by our Supreme Court in *Graham v. State*, 903 N.E.2d 963, 965–66 (Ind.2009). In *Graham*, our Supreme Court concluded that a defendant's refusal to present his arms for cuffing did not constitute forcible resistance but emphasized that even a modest level of resistance meets the requirement of the resisting law enforcement statute: "[E]ven 'stiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice. . . ." 903 N.E.2d at 966.

Here, the record establishes that Berberena "struggle[d]" with Officer Amberger when the officer tried to place him in handcuffs. Tr. p. 10. The majority concludes that the evidence is insufficient that Berberena used any force during his interaction with Officer Amberger, but Officer Amberger's testimony that he and Berberena struggled with each other is evidence enough. The plain and ordinary definition of "struggle" is "to make violent, strenuous, labored, or convulsive exertions or efforts against difficult or forceful opposition or impeding or constraining circumstances." Webster's Third New International Dictionary Unabridged 2267 (1993). Thus, Officer Amberger's testimony that Berberena's actions engaged him in a struggle implies forceful opposition by Berberena rather than passive resistance. In my view, the majority has simply reweighed the evidence, which we are not permitted to do. I would conclude that the evidence is sufficient to support Berberena's conviction, and I would affirm.

## ORDER

Appellant Edwin Berberena, by counsel, has filed a Motion to Publish.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellant's Motion to Publish is GRANTED, and this Court's opinion handed down in this cause on July 23, 2009, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

NAJAM, FRIEDLANDER, VAIDIK, JJ., concur.