**Curtis COLVIN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0904–CR–359.

Court of Appeals of Indiana.

Nov. 13, 2009.

As Amended Dec. 17, 2009.

Transfer Denied Feb. 18, 2010.

Elizabeth A. Gabig, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

NAJAM, Judge.

**STATEMENT OF THE CASE**

Curtis Colvin appeals his conviction for Resisting Law Enforcement, as a Class A misdemeanor, following a bench trial. He presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On March 26, 2008, officers with the Indianapolis Metropolitan Police Department executed a search warrant on an apartment in Indianapolis. When officers knocked on the apartment door, a woman let them inside. Colvin was in the living room at the time, within view of the officers. One of the officers ordered Colvin to take his hands out of his pockets, but Colvin did not comply. Colvin refused to comply with any of the officers' commands, and the officers "physically had to place him on the ground and handcuff him." Transcript at 15. Colvin subsequently admitted to possessing marijuana.

The State charged Colvin with possession of marijuana and resisting law enforcement. Following a bench trial, the trial court found him guilty as charged. Colvin now appeals his resisting law enforcement conviction.

## DISCUSSION AND DECISION

Colvin contends that the evidence is insufficient to support his conviction. When reviewing the claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

To prove resisting law enforcement, as a Class A misdemeanor, the State was required to prove that Colvin knowingly and forcibly resisted, obstructed, or interfered with an officer while said officer was lawfully engaged in the execution of his duties as a law enforcement officer. *See* Ind. Code § 35–44–3–3. On appeal, Colvin maintains that the evidence is insufficient to show that he forcibly resisted a police officer. We must agree.

In *Spangler v. State*, 607 N.E.2d 720 (Ind.1993), our Supreme Court examined the elements of the crime of resisting law enforcement. As the Court recently explained in *Graham v. State*, 903 N.E.2d 963, 965 (Ind.2009),

> [In *Spangler*,] Justice DeBruler noted that the word "forcibly" modifies "resists, obstructs, or interferes" and that *force is an element of the offense.* He explained that one "forcibly resists" when "strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." Spangler had refused to accept service of process from an officer, walking away from the officer in the face of demands that he accept a protective order. [The Supreme] Court held that such action was resistance to authority but not "forcible" resistance. "It is error as a matter of law to conclude ... that 'forcibly resists' includes all actions that are not passive." Spangler's conviction was reversed.

(Emphasis added.) And our Supreme Court has also observed:

> The force involved need not rise to the level of mayhem. In *Johnson v. State*, 833 N.E.2d 516, 517 (Ind.Ct.App.2005), a defendant in custody "pushed away with his shoulders while cursing and yelling" when the officer attempted to search him. As officers attempted to put him into a police vehicle, Johnson "stiffened up" and the police had to get physical in order to put him inside. The Court of Appeals correctly held that Johnson's actions constituted forcible resistance.

*Id.* at 965–66.

In *Graham*, our Supreme Court distinguished *Johnson* and reversed the defen-

dant's conviction. The evidence showed that Graham refused to present his hands for cuffing after officers repeatedly yelled at him to do so. Officers "proned him out, belly down on the ground and . . . then put his arms behind his back and handcuffed him." *Id.* at 965. The Court held that refusing to present one's arms for cuffing, without more, does not constitute use of force. Specifically, the Court stated, "[w]hile even 'stiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice, there is no fair inference here that such occurred." *Id.* at 966.

More recently, in *Berberena v. State*, 914 N.E.2d 780 (Ind.Ct.App.2009), *trans. pending*, this court held that the evidence was insufficient to support a resisting law enforcement conviction on facts similar to those here. In *Berberena*, the arresting officer testified only that he "struggled with" the defendant "to grab his hands and place him in handcuffs." *Id.* at 781. The officer did not recall what the defendant was doing with his hands or where his hands were during the struggle, but testified that he, the officer, "forcibly placed [Berberena's] hands" in handcuffs. *Id.* We held that the officer's testimony was ambiguous because it did not demonstrate whether the defendant had forcibly resisted, as in *Johnson*, or the officer alone had acted forcibly, as in *Graham*. We concluded that there was "simply no evidence of force" on the part of the defendant to support a resisting law enforcement conviction. *Id.* 914 N.E.2d at 782.

Here, Sergeant Mark Gregory testified in relevant part as follows:

Q: What, if anything, was the defendant doing when you first saw him?

A: He appeared to be struggling with officers.

Q: Alright. *In what way was he struggling with officers?*

A: Uh, *not obeying their commands.* The subject had reached into his pocket—or Mr. Colvin had reached into his pocket and the officers had to physically grab him.

\* \* \*

Q: And did you see him ultimately take his hands out of his pocket?

A: I did not.

Q: What then happened with the defendant that you saw?

A: Other officers restrained him.

\* \* \*

A: I believe the officers physically had to place him on the ground and handcuff him.

Transcript at 13–15 (emphases added).

And Detective Mark Frazier testified in relevant part as follows:

Q: What is the next thing that happened?

A: *I had to forcibly take control of the defendant.*

Q: In what way did you do that?

A: I used both of my hands and grabbed the defendant and forced him to the ground.

Q: And did he go to the ground willingly?

A: No, he did not.

Q: Did he resist?

A: Yes, he did.

Q: While you were taking him to the ground, did he take his hands out of his pockets?

A: No, he did not.

Q: Did his hands ever come out of his pockets?

A:    They did when I put him in handcuffs.

Transcript at 24–25 (emphasis added).

The lack of evidence here is similar to that in *Graham* and *Berberena* and distinct from *Johnson.* The officers testified only that Colvin was not complying with the officers' commands and that the *officers* had to use force to execute the arrest. The State did not present any evidence that Colvin used force or "made threatening or violent actions" to contribute to the struggle with the officers. *See Ajabu v. State,* 704 N.E.2d 494, 496 (Ind.Ct.App. 1998). Indeed, the testimony shows that Colvin kept his hands in his pockets during the struggle. There is no evidence that Colvin stiffened his arms or otherwise *forcibly* resisted the officers.

The evidence does not support a reasonable inference that Colvin did more than passively resist the officers. In *Braster v. State,* 596 N.E.2d 278, 280 (Ind.Ct.App. 1992), *trans. denied,* we held that the evidence was insufficient to support a resisting law enforcement conviction where the defendant refused to obey commands and an officer had to "sweep [defendant's] legs out from under him" in the course of the arrest. We observed that the evidence showed "there was no force involved on defendant's part." *Id.* Again, as our Supreme Court held in *Graham,* "[i]t is error as a matter of law to conclude ... that 'forcibly resists' includes all actions that are not passive." 903 N.E.2d at 965. We hold that the evidence is insufficient to support Colvin's resisting law enforcement conviction.

Reversed.

KIRSCH, J., and BARNES, J. concur.