**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEBRA S. ANDRY**
Paoli, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GEORGE R. CLARK,                )
                                )
    Appellant-Defendant,        )
                                )
          vs.               )    No. 59A05-1205-CR-253
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.         )

APPEAL FROM THE ORANGE SUPERIOR COURT
The Honorable K. Lynn Lopp, Special Judge
Cause No. 59D01-0912-FD-828

**December 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

George R. Clark ("Clark") appeals his conviction for Resisting Law Enforcement, as a Class A misdemeanor.[1] We affirm.

**Issues**

Clark presents two issues for review:

I.      Whether there is sufficient evidence to sustain his conviction; and

II.     Whether the jury was properly instructed on the charged offense as a misdemeanor as well as a felony.

**Facts and Procedural History**

Around 1:00 a.m. on December 27, 2009, French Lick Assistant Police Chief Marshall Noble ("Assistant Chief Noble") contacted Clark, aged eighty-two, to provide transportation for his son, Danny Clark ("Danny"). Danny's girlfriend had insisted that he needed to leave their apartment, and Danny appeared to be under the influence of alcohol such that operating an automobile was not prudent.[2]

Clark drove his son away from the apartment complex and stopped at a nearby convenience store, Huck's. At the same time, Assistant Chief Noble and French Lick Patrolman Aaron Kemple ("Officer Kemple") stopped at Huck's to get fuel. West Baden Springs Reserve Officer Jason Kendall ("Officer Kendall"), also present at Huck's, heard Danny yell an obscenity at Assistant Chief Noble. Also, Danny had "flipped off" Assistant Chief Noble. (Tr. 93.) Assistant Chief Noble decided to arrest Danny for public

---

[1] Ind. Code § 35-44-3-3(a)(1) [now Ind. Code § 35-44.1-3-1].

[2] Danny was not given field sobriety tests or a breathalyzer.

intoxication.

When Officer Kemple walked out of Huck's, he encountered a "scuffle up" between Danny and Assistant Chief Noble. (Tr. 36.) He decided to assist with the arrest. As they and Officer Kendall struggled with Danny, Assistant Chief Noble was pinned against the convenience store glass front and felt it sway; he feared that it might give way and shouted to the other officers to move away from the window.

Around this time, Clark exited his vehicle and began walking toward the officers, with his hands in his pockets. Assistant Chief Noble instructed Clark to go back; Clark simply responded, "no." (Tr. 95.) Assistant Chief Noble decided to handcuff Clark, who then began to back up with his hands remaining in his pockets.

Assistant Chief Noble attempted to pull Clark's hands behind his back but Clark was "not allowing" this. (Tr. 97.) Assistant Chief Noble was unable to view Clark's hands but suspected that Clark was holding onto his belt or had clasped his hands together. He pushed Clark forward onto his vehicle and "that stopped his hands from doing anything else." (Tr. 97.) Nonetheless, Clark was "trying to struggle" and Assistant Chief Noble's handcuffs were knocked out of his grasp during the struggle. (Tr. 97.) French Lick Reserve Police Officer Jesse Crane arrived at Huck's and assisted with the handcuffing process. Thereafter, Officer Kendall noticed that Assistant Chief Noble had a cut on his hand.

The State charged Clark with Resisting Law Enforcement, as a Class D felony, and Disorderly Conduct, a Class B misdemeanor.[3] His jury trial, a joint trial with Danny,

---

[3] Ind. Code § 35-45-1-3.

commenced on February 1, 2012. At its conclusion, Clark was found guilty of Resisting Law Enforcement, as a Class A misdemeanor, and was acquitted of Disorderly Conduct. He received a one-year sentence, suspended except for sixty days to be served on home detention with electronic monitoring. This appeal ensued.

**Discussion and Decision**

I. Sufficiency of the Evidence

Clark concedes that he did not return to his vehicle when ordered to do so. However, he insists that he is hard of hearing and made no threatening movements toward the officers. Clark contends his conviction must be reversed due to insufficient evidence that his conduct during the handcuffing amounted to "forcible" resistance.

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and the reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). In so doing, we do not assess witness credibility or reweigh the evidence. Id. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. Id.

To sustain Clark's conviction for Resisting Law Enforcement, as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that Clark knowingly or intentionally forcibly resisted, obstructed, or interfered with a law enforcement officer while the officer was lawfully engaged in the execution of the officer's duties. Ind.

4

Code § 35-44.1-3-1(a)(1).[4] A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so. Ind. Code § 35-41-2-2(a). A person engages in conduct "knowingly" if, when he engages in conduct, he is aware of a high probability that he is doing so. Ind. Code § 35-41-2-2(b).

The word "forcibly" modifies "resists, obstructs, or interferes," and force is an element of the offense. Spangler v. State, 607 N.E.2d 720, 723 (Ind. 1993). In the context of resisting law enforcement, our Supreme Court has defined "forcibly" as "when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." Id. However, the force necessary to sustain a conviction for resisting law enforcement need not rise to the level of mayhem; rather, a "modest level of resistance" may suffice. Graham v. State, 903 N.E.2d 963, 965 (Ind. 2009).

"Indiana courts have grappled with the issue of when resistance, obstruction, or interference rises to the [requisite] level of forcible resistance, obstruction, or interference." Stansberry v. State, 954 N.E.2d 507, 511 (Ind. Ct. App. 2011). Mere passive inaction, such as refusing to present one's arms for handcuffing or refusing to stand, without more, is not forcible resistance, obstruction, or interference. Id. (citing A.C. v. State, 929 N.E.2d 907, 911 (Ind. Ct. App. 2010)). Even where passive resistance requires police officers to use force, it is insufficiently forceful. Id. (citing Colvin v. State, 916 N.E.2d 306, 307-09 (Ind. Ct. App. 2009), trans. denied, and Braster v. State, 596 N.E.2d 278, 280 (Ind. Ct. App. 1992),

---

[4] The offense is a Class D felony if the defendant's conduct has resulted in bodily injury to another person. Ind. Code § 35-44.1-3-1(b)(1)(B).

5

trans. denied).[5]

Even a resistance that is not entirely passive may "still fall short of being considered 'forcible.'" Id. For example, in Ajabu v. State, 704 N.E.2d 494, 495-96 (Ind. Ct. App. 1998), the defendant did not act with the requisite "force" when he resisted by twisting and turning a little bit and, even after being sprayed with mace, held onto the flag the officer was attempting to recover. Ajabu was ultimately dragged eight to ten feet before he released the flag. Id. In Berberena v. State, 914 N.E.2d 780, 782-83 (Ind. Ct. App. 2009), trans. denied, the officer had been required to make "exertions or efforts against difficult or forceful opposition to handcuff Berberena." Although there was a struggle, there was no evidence that Berberena had "made threatening or violent actions to contribute to the struggle." Id. at 782. His conviction was reversed. Id. at 783.

On the other hand, placing one's hands on the door casing to resist leaving the house has been considered "forceful." Wellman v. State, 703 N.E.2d 1061, 1064 (Ind. Ct. App. 1998). Turning and pushing away with one's shoulders during an attempted search and stiffening one's body to prevent entry into a transport vehicle has been held to be sufficient force. Johnson v. State, 833 N.E.2d 516, 518-19 (Ind. Ct. App. 2005). Also, stiffening one's arms when grabbed to position for handcuffing has been described as a sufficiently forceful event. Graham, 903 N.E.2d at 966. So too has displaying and refusing to drop a box cutter when instructed to do so. Pogue v. State, 937 N.E.2d 1253, 1258 (Ind. Ct. App. 2010), trans.

---

[5] In Colvin, the defendant had refused to comply with officers' commands to remove his hands from his pockets; this was not forcible resistance even though the officers had to physically place him on the ground. In Braster, the defendant had remained standing after being ordered to lie on the floor and the officer had swept the defendant's legs out from underneath him; this too was not forcible resistance.

denied.

Here, Assistant Chief Noble testified that Clark had tried to struggle and was "fighting and resisting with me." (Tr. 160.) His testimony is somewhat lacking in specificity. Nonetheless, Huck's cashier Stanley Pender described the struggle as one where Clark "kept trying to push off the car and just wrestle with the police officer." (Tr. 172.) We find this testimony provides sufficient evidence that Clark acted forcibly as required for a conviction for resisting law enforcement.

## II. Jury Instruction

The State initially charged that Clark had caused bodily injury to Assistant Chief Noble, and had committed Resisting Law Enforcement, as a Class D felony. However, after the presentation of evidence, the State requested that the jury also be instructed on Resisting Law Enforcement, as a Class A misdemeanor, having no element of bodily injury. The trial court granted the State's request and Clark argues that the trial court erred in giving the jury a lesser included offense instruction over his objection. According to Clark, "there is no meaningful evidence from which a jury could properly find the lesser offense was committed." Appellant's Br. at 8.

In Wright v. State, 658 N.E.2d 563 (Ind. 1995), our Indiana Supreme Court set forth the proper analysis to determine when a trial court should, upon request, instruct the jury on a lesser included offense of the crime charged. The analysis contains three steps: (1) a determination of whether the lesser included offense is inherently included in the crime charged; if not, (2) a determination of whether the lesser included offense is factually

7

included in the crime charged; and, if either, (3) a determination of whether a serious evidentiary dispute existed whereby the jury could conclude the lesser offense was committed but not the greater. Id. at 566-67. If the third step is reached and answered in the affirmative, the requested instruction should be given. Horan v. State, 682 N.E.2d 502, 506 (Ind. 1997).

Accordingly, where the judge determines that a lesser included offense is inherent in the charged crime, he or she must then determine whether the evidence in the case supports such an instruction. Fields v. State, 679 N.E.2d 1315, 1321 (Ind. 1997). An offense is an inherently included offense if (1) the alleged lesser included offense may be established by proof of the same material elements or less than all the material elements defining the crime charged, or (2) the only feature distinguishing the alleged lesser included offense from the crime charged is that a lesser culpability is required to establish the commission of the lesser offense. Horan, 682 N.E.2d at 506.

Resisting Law Enforcement, as a Class A misdemeanor, may be established by proof of less than all the elements of Resisting Law Enforcement, as a Class D felony, as charged. The distinguishing element is bodily injury. Thus, Resisting Law Enforcement is an inherently lesser included offense of Resisting Law Enforcement causing bodily injury. Clark and the State dispute whether there was a serious evidentiary dispute regarding the element of bodily injury.

"[I]t is reversible error for a trial court to give a lesser included offense instruction at the request of the State in the absence of a serious evidentiary dispute distinguishing the

8

lesser offense from the greater." True v. State, 954 N.E.2d 1105, 1109 (Ind. Ct. App. 2011) (citing Watts v. State, 885 N.E.2d 1228, 1232-33 (Ind. 2008)). Where there is no serious evidentiary dispute about the element distinguishing the two offenses, the trial court should refuse the lesser included instruction to avoid the possibility of a compromise verdict. See e.g., McNary v. State, 428 N.E.2d 1248, 1250-51 (Ind. 1981) (holding that where defendant raised alibi defense to crime and evidence established that he was either guilty of the charged offense or no offense at all, giving of lesser included offense instruction would have erroneously allowed the jury to speculate on a factual scenario with no evidentiary basis and opened the door to a compromise verdict).

Where a factual finding is made on the existence or lack of a serious evidentiary dispute, we review the trial court's decision for an abuse of discretion. Champlain v. State, 681 N.E.2d 696, 700 (Ind. 1997). However, when the trial court makes no explicit finding regarding a serious evidentiary dispute, we review the ruling de novo. True, 954 N.E.2d at 1108 (citing Wilkins v. State, 716 N.E.2d 955, 957 (Ind. 1999)). The trial court made no express finding and our review is de novo.

Here, the evidence of how Assistant Chief Noble sustained his hand injury is conflicting. Initially, Assistant Chief Noble testified that his hand was cut "during the incident." (Tr. 119.) However, he acknowledged that there were multiple "incidents," close in time, one involving Clark and one involving Danny. (Tr. 135.) He had been cognizant of pain when the handcuffs were knocked from his hand, and had formed the opinion that he cut himself when trying to put the handcuffs on Clark. Nonetheless, he admitted that his

9

knowledge was not "exact" and he "didn't really know how the cut happened." (Tr. 166.) From this testimony, the jury could have inferred either that the struggle with Clark caused the injury or that the struggle with Danny caused the injury. There existed a serious evidentiary dispute as to the distinguishing element.

The giving of the instruction on Resisting Law Enforcement, as a Class A misdemeanor, is supported by the evidence. The trial court did not commit reversible error in instructing the jury.

## Conclusion

There is sufficient evidence to support Clark's conviction. The jury was properly instructed that it could convict Clark of Class A misdemeanor Resisting Law Enforcement as a lesser-included offense of Class D felony Resisting Law Enforcement.

Affirmed.

VAIDIK, J., and BROWN, J., concur.