## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 09 2017, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Calvin McGregory,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

March 9, 2017

Court of Appeals Case No.
49A02-1609-CR-2104

Appeal from the Marion Superior Court

The Honorable Allan W. Reid, Commissioner

Trial Court Cause No.
49G16-1604-CM-13705

**Brown, Judge.**

[1] Calvin McGregory appeals his conviction for resisting law enforcement as a class A misdemeanor. McGregory raises one issue which we revise and restate as whether the evidence is sufficient to sustain his conviction. We affirm.

## *Facts and Procedural History*

[2] On April 11, 2016, Indianapolis Metropolitan Police Officer James Perry was dispatched to investigate a disturbance between a male and a female. He pulled up to the scene in his marked police car and observed a woman who was bloody, muddy, visibly upset, shaken, crying, angry, and appeared frightened in the street walking toward him. She directed him to McGregory in the residence where Officer Perry observed broken glass all over the front porch. He knocked on the door of the residence, announced that he was a police officer, told McGregory that he wanted to speak with him, and asked if McGregory would step outside to speak with him. McGregory exited the residence and was agitated, confrontational, "very questioning of what [the police] were doing and why [the police] were talking to him," and not responsive initially to any questions. Transcript at 9. Officer Perry attempted to speak with McGregory, but did not receive responses and was "met with questions." *Id.* at 12. Officer Perry feared for his safety given McGregory's increasingly aggravated state and the information he had been given and decided to handcuff him.[1]

---

[1] Officer Perry testified that the information he received was that a male was accused of throwing a female off a porch. McGregory's counsel objected on the basis of hearsay, and the prosecutor argued that the evidence was admissible as course of the investigation evidence. The court clarified with the prosecutor that the

[3] Officer Perry asked McGregory to turn around, and McGregory did so. When Officer Perry attempted to handcuff him, McGregory "tensed up," and "pulled his hands away" and was "physically pulling them out of" Officer Perry's hand. *Id.* at 10. Officer Perry again attempted to handcuff him, and McGregory did the same thing and remained "very tense, very tight, balled his fists," and "pulled his arms away from" Officer Perry. *Id.* At that time, Officer Perry placed his right arm under McGregory's right arm, his left arm over McGregory's left shoulder, and leveraged his weight against McGregory to take him to the ground.

[4] While on the ground, Officer Shaw came to aid Officer Perry with placing McGregory in handcuffs. Officer Shaw pulled McGregory's right arm from under his body, and Officer Perry was able to pull his left arm out. Officer Shaw put one handcuff on McGregory's right arm, and Officer Perry was able to handcuff his left arm.

[5] On April 12, 2016, the State charged McGregory with resisting law enforcement as a class A misdemeanor and battery as a class B misdemeanor. On August 19, 2016, the court granted the State's motion to dismiss the charge of battery. That same day, the court held a bench trial. During cross-examination, when asked whether he explained to McGregory why he was being detained, Officer Perry stated: "I didn't have an opportunity to." *Id.* at

testimony would not be offered for the truth of the matter asserted, allowed it for course of investigation but not as substantive evidence, and overruled the objection.

14. McGregory testified that his girlfriend broke the window with a chair. He also testified:

> As I stepped outside of my door to my porch, the officer, he asked me to turn around. I turned around, but all the while I'm asking him to turn around, I'm asking him, okay, I'm still trying to figure out why he's here. So as I'm turning around, he instantly reached for my right hand and right then and there I simply turned and I asked him. I'm like, hey, am I under arrest or am I being detained? I'm asking him these questions. I'm not – I'm not, you know, trying to pull away from him. I'm just pretty much trying to ask something.

*Id.* at 26. He testified that Officer Perry did not ask him any questions and did not explain to him what was happening. He also testified that Officer Perry told him to stop resisting when he took him down to the ground and that he was not resisting.

[6] After the presentation of evidence, the court stated: "[I]t basically goes between what Officer Shaw said --- or Perry and what you said. And the Court tends to believe that when he asked you to turn around, I mean, you indicated that you were agitated, that you weren't complying with what they were saying. And so the Court does believe that you knowingly, forcibly resist or obstruct or at least in the very least interfere with what the officer said." *Id.* at 38. The court found McGregory guilty of resisting law enforcement as a class A misdemeanor and sentenced him to 180 days with 176 days suspended.

## *Discussion*

The issue is whether the evidence is sufficient to sustain McGregory's conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

The offense of resisting law enforcement as a class A misdemeanor is governed by Ind. Code § 35-44.1-3-1, which at the relevant time provided that "[a] person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties . . . commits resisting law enforcement, a Class A misdemeanor . . . ."[2] The charging information alleged that McGregory "did knowingly forcibly resist, obstruct or interfere

---

[2] Subsequently amended by Pub. L. No. 198-2016, § 673 (eff. July 1, 2016).

with JAMES AARON PERRY, a law enforcement officer with the Indianapolis Metro Police Dept, while said officer was lawfully engaged in his duties as a law enforcement officer." Appellant's Appendix II at 18.

[9] McGregory argues that the State did not prove forcible resistance. He also asserts that he did not threaten Officer Perry, his reaction of tensing up and pulling his hands away was not threatening or violent, and Officer Perry offered no explanation of what he was trying to do. The State argues that the evidence is sufficient where he resisted being handcuffed by Officer Perry, physical pulled his hands away and out of the hands of Officer Perry, tensed up, and balled his fists.

[10] The Indiana Supreme Court has observed that "[s]uch a seemingly simple statute . . . has proven to be complex and nuanced in its application." *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013). In *Spangler v. State*, 607 N.E.2d 720, 722-723 (Ind. 1993), the Indiana Supreme Court held that the word "forcibly" is an essential element of the crime and modifies the entire string of verbs—resists, obstructs, or interferes—such that the State must show forcible resistance, forcible obstruction, or forcible interference. The Court also held that the word meant "something more than mere action." *Spangler*, 607 N.E.2d at 724. "[O]ne 'forcibly resists' law enforcement when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Id.* at 723. "[A]ny action to resist must be done with force in order to violate this statute. It is error as a matter of law to conclude that 'forcibly resists' includes all actions that are not passive." *Id.* at 724.

[11] "But even so, 'the statute does not demand complete passivity.'" *Walker*, 998 N.E.2d at 727 (quoting *K.W. v. State*, 984 N.E.2d 610, 612 (Ind. 2013)). In *Graham v. State*, 903 N.E.2d 963, 965 (Ind. 2009), the Court clarified that "[t]he force involved need not rise to the level of mayhem." "In fact, even a very 'modest level of resistance' might support the offense." *Walker*, 998 N.E.2d at 727 (quoting *Graham*, 903 N.E.2d at 966) ("even 'stiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice")). The Indiana Supreme Court held:

> So in summary, not every passive—or even active—response to a police officer constitutes the offense of resisting law enforcement, even when that response compels the officer to use force. Instead, a person "forcibly" resists, obstructs, or interferes with a police officer when he or she uses strong, powerful, violent means to impede an officer in the lawful execution of his or her duties. But this should not be understood as requiring an overwhelming or extreme level of force. The element may be satisfied with even a modest exertion of strength, power, or violence. Moreover, the statute does not require commission of a battery on the officer or actual physical contact—whether initiated by the officer or the defendant. It also contemplates punishment for the active threat of such strength, power, or violence when that threat impedes the officer's ability to lawfully execute his or her duties.

*Id.*

[12] In *Berberena v. State*, which is cited by McGregory, a police officer "gave several loud verbal commands" for Edwin Berberena to stop. 914 N.E.2d 780, 780-781 (Ind. Ct. App. 2009), *trans. denied*. The police officer ordered Berberena to

place his hands behind his back, but Berberena did not comply. *Id.* at 781. The officer then "had to forcefully place [Berberena] against the wall of the building. [Berberena's] chest was facing the building, and [the officer] had to struggle with him to grab his hands and place them in handcuffs." *Id.* The trial court found Berberena guilty of resisting law enforcement. *Id.* On appeal, the court held that the officer's testimony "that he struggled to place the handcuffs on Berberena's wrists [was] ambiguous." *Id.* at 782. The court also observed that the officer "did not testify, and there [was] no evidence, that Berberena stiffened his arms or otherwise 'made threatening or violent actions' to contribute to the struggle." *Id.* (quoting *Ajabu v. State*, 704 N.E.2d 494, 496 (Ind. Ct. App. 1998)). Lastly, the court observed that the officer "could not remember what Berberena was doing with his hands, and the struggle did not last very long." *Id.* The court concluded that the evidence was insufficient to support Berberena's conviction. *Id.* at 783.

[13]   McGregory also cites *Colvin v. State*, 916 N.E.2d 306 (Ind. Ct. App. 2009), *trans. denied*. In that case, Curtis Colvin kept his hands in his pockets during a struggle with officers and did not comply with officers' commands, and the officers had to use force to execute the arrest. 916 N.E.2d at 309. The State did not present any evidence that Colvin used force or made threatening or violent actions to contribute to the struggle with the officers. *Id.* The court held that the evidence did not support a reasonable inference that Colvin did more than passively resist the officers. *Id.*

[14] Here, unlike the defendants' actions in *Berberena* and *Colvin*, we cannot say that the State did not present any evidence that McGregory used force. The record reveals that McGregory was agitated, confrontational, very questioning of Officer Perry, and not responsive to his questions. When Officer Perry attempted to handcuff him, McGregory "tensed up," and "pulled his hands away" from Officer Perry "physically pulling them out of" Officer Perry's hand. Transcript at 10. Officer Perry again attempted to handcuff him, and McGregory did the same thing and remained "very tense, very tight, balled his fists," and "pulled his arms away from" Officer Perry. *Id.* While on the ground, Officer Shaw came to aid Officer Perry. Officer Shaw pulled McGregory's right arm from under his body, Officer Perry was able to pull his left arm out, and they were then able to handcuff McGregory.

[15] Based upon the record, we conclude that there exists evidence of probative value from which a reasonable trier of fact could find that McGregory exercised at least a modest exertion of strength, power, or violence that impeded Officer Perry in the lawful execution of his duties and that he was guilty beyond a reasonable doubt of resisting law enforcement as a class A misdemeanor. *See Lopez v. State*, 926 N.E.2d 1090, 1093-1094 (Ind. Ct. App. 2010) (holding that the evidence was sufficient to prove that the defendant acted with the requisite force in resisting the officers in the execution of their duties where the defendant refused to stand and "started to pull away" when the officers tried to physically pull him up from the couch and where the officers were unable to pull his arms out from under the defendant), *trans. denied*; *Johnson v. State*, 833 N.E.2d 516,

518-519 (Ind. Ct. App. 2005) (holding that the defendant forcibly resisted police officers by turning away and pushing away with his shoulders as they attempted to search him, refusing to enter the transport vehicle, and stiffening up, thus requiring the officers to exert force to place him inside the transport vehicle).

## *Conclusion*

[16] For the foregoing reasons, we affirm McGregory's conviction.

[17] Affirmed.

Vaidik, C.J., and Bradford, J., concur.