## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chelsey Cody,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 31, 2017

Court of Appeals Case No.
49A05-1612-CR-2681

Appeal from the Marion Superior Court

The Honorable David J. Certo, Judge

The Honorable David Hooper, Magistrate

Trial Court Cause No.
49G12-1606-CM-21362

**Pyle, Judge.**

# Statement of the Case

Chelsey Cody ("Cody") appeals her conviction, following a bench trial, for Class A misdemeanor resisting law enforcement.[1] Cody argues there is insufficient evidence that she forcibly resisted the police officer. Concluding that Cody's argument is merely a request to reweigh the evidence, we deny this request and affirm her conviction.

We affirm.

# Issue

> Whether sufficient evidence supports Cody's resisting law enforcement conviction.

# Facts

On June 2, 2016, Sergeant James Trimble ("Sergeant Trimble") and Deputy Merrill of the Marion County Sheriff's Department responded to a dispatch call to serve an outstanding warrant on Cody. Both officers arrived in a marked police car and were dressed in full uniform. When they arrived, Cody was sitting in her vehicle while on a work break. As Sergeant Trimble and Deputy Merrill approached the driver's side of her vehicle, Cody locked the doors and rolled up the windows.

---

[1] IND. CODE § 35-44.1-3-1.

[4] Sergeant Trimble identified himself as a police officer, told Cody that she had a warrant, and instructed Cody, through the closed window, to get out of the vehicle. However, Cody refused. Sergeant Trimble "gave several more loud commands for her to exit the vehicle." (Tr. Vol 2 at 9). Cody ignored his instructions and called 911. The dispatcher instructed Cody to exit and contacted Sergeant Trimble. Thereafter, Sergeant Trimble again informed Cody she had an outstanding arrest warrant. Deputy Merrill then went to the slightly ajar back passenger window and ordered Cody to get out of the car. When Cody refused again, the officer advised her that if she did not exit, she would be tased. Cody opened the driver's door but refused to get out and stand. Sergeant Trimble "extracted her from the vehicle using an arm bar take down." (Tr. Vol 2 at 10). He then told her to get on the ground. Cody refused and "spun away" from the Sergeant. (Tr. Vol 2 at 10). Sergeant Trimble used a "front leg sweep" to gain control of her and get her on the ground. (Tr. Vol 2 at 10). Cody was then arrested and taken into custody.

[5] The State charged Cody with Class A misdemeanor resisting law enforcement.[2] The trial court held a bench trial, and Sergeant Trimble and Cody testified. The trial court found Cody guilty of resisting law enforcement and imposed a 365 day sentence and suspended 355 days. Cody now appeals.

---

[2] The State also charged Cody with Class B misdemeanor possession of marijuana, but that charge was dismissed at trial.

# Decision

Cody argues that the evidence was insufficient to support her conviction for Class A misdemeanor resisting law enforcement.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

The resisting law enforcement statute provides that "[a] person who knowingly or intentionally forcibly resists, obstructs or interferes with a law enforcement officer . . . while the officer is lawfully engaged in the execution of the officer's duties" commits class A misdemeanor resisting law enforcement. I.C. § 35-44.1-3-1(a)(1). To convict Cody as charged, the State was required to prove beyond a reasonable doubt that Cody knowingly or intentionally forcibly resisted, obstructed, or interfered with Sergeant Trimble while he was lawfully engaged in the execution of his duties.

[8] Cody argues that there was insufficient evidence to show that she forcibly resisted the officer. The Indiana Supreme Court has held that one forcibly resists when one uses "strong, powerful, violent means to impede an officer," but noted that the standard "may be satisfied with even a modest exertion of strength, power, or violence." *Walker v. State*, 998 N.E.2d 724, 727-28 (Ind. 2013). The force needed need not rise to the level of mayhem. *Graham v. State*, 903 N.E.2d 963, 965 (Ind. 2009). It is well established that even stiffening one's arm when an officer grabs hold to position them for cuffing would suffice. *Id.* at 966.

[9] There is sufficient evidence to support the trial court's determination that Cody forcibly resisted law enforcement. Cody refused several times to exit her vehicle even after being informed that Sergeant Trimble had a warrant for her arrest. Sergeant Trimble testified Cody spun to get away from him. Cody's act of spinning away from the officer as he grabbed her arm and pulled her from the car demonstrates that she forcibly resisted the officer. The spin was a "modest exertion of strength, power or violence." *See Walker*, 998 N.E.2d at 727-28. As such, sufficient evidence exists to support that Cody forcibly resisted the officer.

[10] Cody suggests that she offered only passive, not forceful, resistance. Cody contends that her spinning away from the officer as he grabbed her out of the car did not amount to forcible resisting because it "is possible that she spun away [because] she lost her balance." (Cody's Br. 11). In support of her argument, she cites to *Macy v. State*, 9 N.E.3d 249 (Ind. Ct. App. 2014), *Colvin v.*

*State*, 916 N.E. 2d 306, 309 (Ind. Ct. App. 2009), and *Berberena v. State*, 914 N.E. 2d 780, 782 (Ind. Ct. App. 2009). These cases are distinguishable because, unlike the defendants in those cases, Cody forcibly resisted the officer.

[11] Cody's argument is merely a request to reweigh the evidence. We will not reweigh the evidence or judge the credibility of witnesses. *See Drane v. State*, 867 N.E.2d at 146. When entering its verdict, the trial court stated that it gave more credibility to Sergeant Trimble's testimony. Specifically, it stated that "[b]ased on the testimony . . . [it believed] that Sergeant Trimble's account of Cody's conduct is a more complete [. . .] and accurate description of how the incident occurred." (Tr. Vol. 2 at 38). There was sufficient evidence from which the trial court, as trier of fact, could have found that Cody resisted law enforcement.

[12] Affirmed.

May, J., and Brown, J., concur.