## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 23 2018, 10:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Desmond Bland,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 23, 2018

Court of Appeals Case No.
49A02-1710-CR-2421

Appeal from the Marion Superior Court

The Honorable Amy M. Jones, Judge

Trial Court Cause No.
49G08-1612-CM-47184

**Bailey, Judge.**

# Case Summary

[1]     Desmond Bland ("Bland") appeals his conviction for Resisting Law Enforcement, as a Class A misdemeanor,[1] presenting the sole issue of whether there is sufficient evidence of force to support the conviction. We affirm.

# Facts and Procedural History

[2]     On December 8, 2016, Marcus Triplett ("Triplett"), a behavioral specialist employed by Northwest High School in Indianapolis, observed a man talking with some students in the middle school wing of the building. The man, later identified as Bland, told Triplett that he was on school property to pick up a cousin. However, Bland had no visitor's pass and could not provide the cousin's last name. Triplett directed Bland to leave the building and Bland complied; Bland then re-entered the building through another door. Observing this, Triplett summoned the school police.

[3]     Indianapolis School Police Officers Dallas Gaines and Jeffrey Brunner responded. Officer Gaines asked Bland to identify himself; Bland said that he was "D" and was picking up a cousin. (Tr. Vol. II, pg. 52.) Officer Gaines then advised Bland that he could not be inside the school without a pass and an

---

[1] Ind. Code § 35-44.1-3-1(a)(1).

escort; he also directed Bland to remove his right hand from his pocket. Bland responded "why?" (Tr. Vol. II, pg. 74.)

[4] Bland had assumed a stance that Officer Gaines described as "blading" his body and Officer Gaines suspected that Bland was attempting to conceal something. (Tr. Vol. II, pg. 54.) Officer Gaines again asked Bland to remove his hand, but Bland did not comply. Officer Gaines "took [Bland] to the ground" and Bland fell face-down. (Tr. Vol. II, pg. 75). After the fall, Bland shoved his left hand under his body. Together, the officers took control of Bland's hands and placed handcuffs on him. During the incident, Bland tensed his arms and tried to pull away. Inside Bland's pockets were flyers about a shoe exchange.

[5] On December 8, 2016, the State charged Bland with Resisting Law Enforcement, as a Class A misdemeanor. On September 25, 2017, a jury found him guilty as charged. Bland was sentenced to one year of imprisonment, with 361 days suspended. He was also ordered to pay a $500.00 fine. Bland now appeals.

# Discussion and Decision

[6] In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of witnesses. *K.W. v. State*, 984 N.E.2d 610, 612 (Ind. 2013). We look to the evidence and reasonable inferences drawn therefrom that support the judgment, and affirm if there is probative evidence

from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.* We will reverse if there is no evidence or reasonable inference to support any one of the necessary elements of the charged offense. *Id.*

[7] The basic offense of resisting law enforcement has five essential elements. *See id.* Pursuant to Indiana Code Section 35-44.1-3-1, a defendant has committed resisting law enforcement when he (1) knowingly or intentionally (2) forcibly (3) resisted, obstructed, or interfered with (4) a law enforcement officer (5) while the officer was lawfully engaged in the execution of the officer's duties. *Id.* One "forcibly" resists law enforcement when "strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Id.* (citing *Spangler v. State*, 607 N.E.2d 720, 723 (Ind. 1993)).

[8] The level of force need not rise to the level of mayhem, but the statute does not demand complete passivity. *Id.* Merely walking away from a law-enforcement encounter, leaning away from an officer's grasp, or twisting and turning a little bit against an officer's actions are examples of conduct that do not amount to "forcible" resistance. *Id.* It is error as a matter of law to conclude that forcible resistance includes all actions that are not passive. *Spangler*, 607 N.E.2d at 724. However, stiffening one's arms when an officer grabs hold to position them for cuffing "would suffice" to "constitute use of force." *Graham v. State*, 903 N.E.2d 963, 966 (Ind. 2009).

[9] Here, the State elicited testimony from Triplett and both arresting officers. Triplett described the interaction he observed as the officers "wrestling" with Bland and Bland "struggling." (Tr. Vol. II, pgs. 37-38). Officer Gaines described Bland's movements after he was taken to the floor, as follows: Bland "tensed him arms," pulled away, and "was trying to stiffen his body." (Tr. Vol. II, pg. 56.) Officer Brunner testified that Bland tried to "jerk away" from Officer Gaines. (Tr. Vol. II, pg. 75.)

[10] Bland argues that he was "completely surprised" by being taken to the floor and was rendered unable to resist. Appellant's Brief at 10. He claims that the State lacked evidence that he reacted with force, akin to the evidentiary deficiency found in *Colvin v. State*, 916 N.E.2d 306, 309 (Ind. Ct. App. 2009) (officers restrained defendant after he refused to remove his hands from his pockets but there was "no evidence that [defendant] stiffened his arms or otherwise *forcibly* resisted the officers") and *Berberena v. State*, 914 N.E.2d 780, 782 (Ind. Ct. App. 2009) (defendant refused to comply with commands and the officer placed the defendant against a wall and struggled with him to place handcuffs; the testimony was ambiguous as to whether only the officer acted forcibly), *trans. denied*. We disagree with Bland's contention that the State presented no evidence of force on his part. There was testimony that he struggled and attempted to pull away from an officer's grasp. As such, there is sufficient evidence to establish the essential element of force.

# Conclusion

Sufficient evidence supports Bland's conviction for Resisting Law Enforcement.

Affirmed.

Crone, J., and Brown, J., concur.