# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
May 22 2014, 10:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MADDOX T. MACY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 52A02-1309-CR-808 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MIAMI SUPERIOR COURT
The Honorable Daniel C. Banina, Judge
Cause No. 52D02-1209-CM-242

**May 22, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Maddox Macy appeals her conviction for resisting law enforcement, a Class A misdemeanor. Macy raises a single issue for our review: whether there was sufficient evidence to prove Macy forcibly resisted a law enforcement officer. Concluding Macy did not forcibly resist, we reverse.

## Facts and Procedural History[1]

On August 25, 2012, Macy's neighbor reported that she had been bitten by two dogs owned by Macy. The following day, Officer Roger Bowland accompanied two animal control officers to Macy's residence. When the officers arrived, Macy was largely uncooperative and aloof. Upon realizing Macy was not in the mood to cooperate, the two animal control officers went to the neighbor's house to inquire about the incident.

When the animal control officers left for the victim's house, Macy began yelling at Officer Bowland, demanding answers and exclaiming that her dogs had not bitten anyone. Officer Bowland then showed Macy his handcuffs and threatened to arrest her if she did not calm down. At this point, Macy calmed down and Officer Bowland left Macy to join the animal control officers at the neighbor's house.

After Officer Bowland left for the neighbor's residence, Macy walked down the sidewalk near the neighbor's house and began "making a scene." Transcript at 35. Macy stood on the sidewalk and started yelling at the officers that her dogs did not bite anyone.

---

[1] We heard oral argument in this case on April 30, 2014 at the Lake County Government Center. We commend counsel for their advocacy. We would also like to thank the Lake County employees, members of

2

Officer Bowland approached Macy and informed her that she would be arrested if she did not calm down and return to her residence. This time, however, Macy continued yelling, and Officer Bowland placed her under arrest.

Macy's hands were handcuffed behind her back, and Officer Bowland placed Macy in the front seat of his police car and shut the door. Macy somehow opened the door, got out of the car, and began yelling once again. Officer Bowland requested that Macy get back in the police car, but she refused. Officer Bowland "had to force [Macy] into the car and she sat down and kept her feet out on the ground." Id. at 38. Officer Bowland asked Macy to place her feet inside the vehicle, but she refused, so the officer "had to pick her feet up, put her feet into the car and shut the door." Id.

When asked whether Macy ever "physically" resisted, Officer Bowland testified that "[Macy] resisted my, my commands. She wouldn't get back into the car. . . . [S]he refused and I had to place her in the car and then she wouldn't put her feet into the car. I had to place her feet into the car." Id. at 43.

Macy was charged with disorderly conduct, a Class B misdemeanor, and resisting law enforcement, a Class A misdemeanor.[2] On August 20, 2013, a bench trial was held, and the trial court found Macy guilty of both counts. The trial court explained its verdict:

---

the Women Lawyers Association of Indiana, and students from numerous local high schools who attended and made the argument a success.

[2] With respect to the charge of resisting law enforcement, Macy's charging information provided: "[O]n or about August 26, 2012 in Miami County, State of Indiana, Maddox T. Macy did knowingly or intentionally forcibly resist Roger A. Bowland, a law enforcement officer, while said officer was lawfully engaged in his duties as a law enforcement officer . . . ." Appellant's Appendix at 8.

[M]oving on to the resisting law enforcement. Uh, the officer is trying to be as gentle with you as possible otherwise you can stiffen up and do that. That's not really resisting law enforcement but you get out of [the] police car. Some force was required to get out of that police car unless the wind blew the door open. I mean you used force to get out of the police car. You used force to get away from law enforcement, uh, which makes you guilty.

Id. at 103. Macy was ordered to pay a fine on each count. Macy now brings this appeal, challenging only her conviction for resisting law enforcement.

## Discussion and Decision

### I. Standard of Review

When reviewing a defendant's claim of insufficient evidence, the reviewing court will neither reweigh the evidence nor judge the credibility of the witnesses. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict. Id. And we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (citation omitted). Reversal is required if there is no evidence to support any one of the necessary elements of the offense. K.W. v. State, 984 N.E.2d 610, 612 (Ind. 2013).

### II. Forcible Resistance

Macy maintains the State did not support her conviction for resisting law enforcement with sufficient evidence. Specifically, she contends there was no evidence that she "forcibly" resisted Officer Bowland. "A person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer . . . while the officer is lawfully engaged in the execution of the officer's duties . . . commits resisting law enforcement . . . ."

4

Ind. Code § 35-44.1-3-1(a)(1). Our supreme court has held that "forcibly" is a distinct element of the offense that modifies all three verbs "resists, obstructs, or interferes." See K.W., 984 N.E.2d at 612 (citing Spangler v. State, 607 N.E.2d 720, 723 (Ind. 1993)).

The seminal case on this issue is Spangler v. State, in which our supreme court first endeavored to define the term "forcibly" within the resisting law enforcement statute. 607 N.E.2d at 723-24. The court held "one 'forcibly resists' law enforcement when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." Id. at 723. This definition, however, has been slightly softened since Spangler was decided, and the line between what is and is not forcible resistance is blurry, to say the least. See Walker v. State, 998 N.E.2d 724, 727-28 (Ind. 2013) (stating the current approach to determining forcible resistance lends itself to a "degree of unpredictability in outcome" and discussing Indiana Supreme Court and Court of Appeals cases with varying results). The supreme court has noted that the statute "does not demand complete passivity." K.W., 984 N.E.2d at 612. "Merely walking away from a law-enforcement encounter, leaning away from an officer's grasp, or twisting and turning a little bit against an officer's actions do not establish 'forcible' resistance." Id. (citations and quotation marks omitted). However, "[t]he force involved need not rise to the level of mayhem." Graham v. State, 903 N.E.2d 963, 965 (Ind. 2009).

Just last year, in K.W. v. State, our supreme court overturned a juvenile adjudication for resisting law enforcement after concluding there was not sufficient evidence the juvenile forcibly resisted. In that case, a school liaison officer grabbed K.W. by the arm and

5

attempted to handcuff him. K.W. then "began to resist and pull away" or "turned, [and] pulled away." Id. at 612-13. The court held K.W.'s maneuver was not achieved through "strength, power, or violence" and that his actions did not amount to forcible resistance. Id. at 613.

At oral argument, the State maintained that Macy's conviction may be affirmed based on either of two actions by Macy: (1) Macy's act of opening the door of the police car; or (2) Macy's act of resting her feet outside the police car, requiring Officer Bowland to pick up her feet and place them in the vehicle. We hold that neither constituted an act of forcible resistance punishable under the statute.

Whether opening the car door constitutes forcible resistance, as the trial court concluded, is an interesting question. Attempting to ascertain the General Assembly's meaning of "forcibly" in the resisting law enforcement statute, the court in Spangler quoted the statute defining a "forcible felony." 607 N.E.2d at 724. That statute read: "a felony that involves the use or threat of force against a human being, or in which there is imminent danger of bodily injury to a human being." Id. (quoting Ind. Code § 35-41-1-11, now codified as Ind. Code § 35-31.5-2-138) (emphasis omitted). From that definition, the court said it was "clear that the legislature intended the word 'force' to mean something more than mere action." Id. Holding the actions at issue in Spangler did not constitute forcible resistance, the court said:

> There was no strength, power, or violence directed towards the law enforcement official. There was no movement or threatening gesture made in the direction of the official. Spangler repeatedly and firmly refused to accept

6

> service of process, then walked away. . . . [T]here is no evidence of any "forcible" actions that the charged crime prohibits.

Id. at 724-25 (emphasis added). These statements in Spangler indicate that forcible resistance is conduct directed toward an officer and must be "something more than mere action." Id.; see also Wellman v. State, 703 N.E.2d 1061, 1064 (Ind. Ct. App. 1998) (stating "force is used when an individual 'directs strength, power or violence towards police officers,' or when he 'makes a threatening gesture or movement in their direction.'") (quoting Price v. State, 622 N.E.2d 954, 963 n.14 (Ind. 1993)). Whether our supreme court intended to create this sort of bright line is unclear, especially considering the court's intimation that "even 'stiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice," a statement which would appear to be at odds with a rule requiring forcible resistance to involve conduct <u>directed toward</u> an officer. See Graham v. State, 903 N.E.2d 963, 966 (Ind. 2009). That said, each case affirming a conviction of forcible resistance seems to involve, at a minimum, some physical interaction with a law enforcement officer. We believe that a plain, commonsense reading of the phrase "forcibly resists" contemplates such interaction. See Ind. Code § 35-44.1-3-1(a)(1). When Macy opened the car door, Officer Bowland was not in the immediate vicinity; Macy's act of opening the car door did not involve any interaction with Officer Bowland, nor was it directed toward him or did it present a threat to him. While it is possible that Macy's conduct may qualify as some other crime, it was not a crime of forcible resistance.

Alternatively, the State argues that forcible resistance occurred when Macy "refused to sit in the car and then planted her feet on the ground outside of the car." Brief of Appellee at

7

5. The State primarily relies on this court's decision in <u>Wellman v. State</u>. In that case, Wellman was arrested inside his home but refused to leave his house. 703 N.E.2d at 1062. Wellman braced his hands against the door frame and had to be shoved through the doorway by the arresting officer. <u>Id.</u> Once outside, Wellman dropped to his knees, and the officer had to lift Wellman to his feet. <u>Id.</u> The court concluded there was sufficient evidence that Wellman forcibly resisted. <u>Id.</u> at 1064.

We find that <u>A.C. v. State</u>, 929 N.E.2d 907 (Ind. Ct. App. 2010) offers us guidance in this case. In <u>A.C.</u>, the court discussed several cases regarding forcible resistance and the difficulty in determining when someone acts "forcibly." The court opined that a mere refusal to stand or some other act of passive resistance does not amount to forcible resistance. <u>Id.</u> at 911; <u>see also id.</u> at 911 n.3 (discussing <u>Wellman</u>, <u>supra</u>, and stating the defendant's act of bracing himself against the door supported his conviction for resisting law enforcement, but his act of refusing to stand did not). The court also noted that an <u>officer's</u> use of force in response to passive resistance is not evidence of forcible resistance. <u>Id.</u> at 911 n.2 (citing <u>Colvin v. State</u>, 916 N.E.2d 306, 309 (Ind. Ct. App. 2010) (reversing conviction for resisting law enforcement where Colvin refused to comply with the officers' commands, and the officers "physically had to place him on the ground and handcuff him."), <u>trans. denied</u>).

Here, we believe Macy's refusal to place her feet inside the vehicle was an act of passive resistance that is not punishable under Indiana Code section 35-44.1-3-1(a)(1).

Macy's act of resting her feet on the ground is akin to a refusal to stand or some other passive action that we said in A.C. would not qualify as forcible resistance.[3]

Finally, we would be remiss not to address the State's claim that forcible resistance by Macy may be reasonably inferred based on Officer Bowland's testimony that he had to "force" Macy back into the car and physically pick up her feet and place them in the vehicle. We disagree for two reasons. First, an officer's use of force does not establish that the defendant forcibly resisted. A.C., 929 N.E.2d at 911 n.2; see also Colvin, 916 N.E.2d at 309. Second, on cross-examination, Officer Bowland was asked whether Macy ever physically resisted him, at which point Officer Bowland clarified that Macy resisted his commands. In light of that testimony, we do not believe the evidence supports the State's proposed inference. Indeed, the facts before us are nearly identical to those in Colvin, where the officer testified that the defendant was not complying with officers' commands and the officers used some degree of force in response. See 916 N.E.2d at 308-09. We reach the same conclusion here as we did in Colvin: the defendant's conviction for resisting law enforcement must be reversed.

## Conclusion

Concluding Macy's acts of opening Officer Bowland's police car door and refusing to place her feet inside the car were not acts constituting forcible resistance, we reverse.

---

[3] At oral argument, the State supported its argument with additional citations to Guthrie v. State, 720 N.E.2d 7 (Ind. Ct. App. 1999), trans. denied, and McCaffrey v. State, 605 N.E.2d 241 (Ind. Ct. App. 1992). Both cases were distinguished in A.C., see 929 N.E.2d at 911 n.3, where the court determined facts existed in each case that constituted forcible—rather than passive—resistance. We think the same distinction is properly made in this case, because we believe Macy's act of keeping her feet on the ground was nothing more than passive resistance.

9

Reversed.

BAKER, J., and KIRSCH, J., concur.