**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**KRISTINA J. JACOBUCCI**
Newby, Lewis, Kaminski & Jones, LLP
La Porte, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RODNEY A. RICHARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 46A05-1312-CR-628 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LA PORTE CIRCUIT COURT
The Honorable Thomas Alevizos, Judge
Cause No. 46C01-1206-FA-195

**October 8, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Rodney A. Richard appeals his Class A felony convictions for dealing in cocaine within one thousand feet of a public park and dealing in cocaine within one thousand feet of a family housing complex. Richard raises two issues for our review, which we consolidate and restate as one: whether there was sufficient evidence to support Richard's convictions.[1] We conclude there was sufficient evidence to convict Richard of dealing in cocaine within one thousand feet of a public park, and we affirm that conviction. We also conclude, however, the State did not offer sufficient evidence to prove Richard committed dealing in cocaine within one thousand feet of a family housing complex. Accordingly, we reverse that conviction as a Class A felony and remand with instructions that the trial court enter a conviction as a Class B felony and resentence Richard on that count. We therefore affirm in part, reverse in part, and remand.

## Facts and Procedural History

On May 23, 2012, the Michigan City Police Department organized a controlled buy between Richard and a confidential informant, Crystal Vernard. Vernard was searched prior to the buy, and she was not in possession of any drugs. Vernard traveled to a house at 515 Union Street, which is located within one thousand feet of Hansen Park. Vernard met Richard at this house, and after leaving the residence, Vernard provided the police with cocaine she purchased from Richard.

---

[1] Richard's second issue asked whether the trial court's denial of Richard's motion for judgment on the evidence was erroneous. If the evidence is sufficient to support a conviction on appeal, then the trial court's denial of a motion for judgment on the evidence cannot be error. Huber v. State, 805 N.E.2d 887, 890 (Ind. Ct. App. 2004).

On June 4, 2012, the police orchestrated another controlled buy between Richard and Vernard. Once again, Vernard was searched prior to the buy, and no contraband was found on her person. Vernard then met Richard at 221 Crestwood Drive, which is near the Garden Estates Housing Complex. Vernard exited the house after several minutes and provided the police with cocaine she purchased from Richard. Richard was arrested later that day. Richard was carrying money given to Vernard for the second controlled buy, and the police also found several packets containing cocaine and heroin in Richard's vehicle.

On June 7, 2012, the State charged Richard with five counts and later amended those charges, resulting in the following: Count I, dealing in cocaine (public park), a Class A felony; Count II, dealing in cocaine (family housing complex), a Class A felony; Count III, dealing in cocaine or narcotic drug, a Class A felony; Count IV, dealing in cocaine or narcotic drug, a Class B felony; and Count V, receiving stolen property, a Class D felony. A jury trial was held in October 2013. The trial court granted Richard's motion for judgment on the evidence on Count V, and the jury found Richard guilty of Counts I through IV. Richard was sentenced to concurrent terms of forty years on Counts I, II, and III, with six years suspended to probation, and he received a consecutive sentence of twelve years on Count IV. Richard now brings this appeal, challenging Counts I and II only. Additional facts will be provided as necessary.

## Discussion and Decision

### I. Standard of Review

When reviewing a defendant's claim of insufficient evidence, the reviewing court will neither reweigh the evidence nor judge the credibility of the witnesses, and we must respect "the jury's exclusive province to weigh conflicting evidence." McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (citation omitted). We consider only the probative evidence and reasonable inferences supporting the verdict, and we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (citation omitted). Reversal of a conviction is required if there is no evidence to support any one of the necessary elements of the offense. Macy v. State, 9 N.E.3d 249, 251 (Ind. Ct. App. 2014).

### II. Sufficiency of the Evidence

#### A. Dealing in Cocaine within One Thousand Feet of a Public Park

First, Richard argues there was insufficient evidence presented at trial to convict him of dealing in cocaine within one thousand feet of a public park. Specifically, he asserts that the State failed to establish that Hansen Park, which is within one thousand feet of 515 Union Street, was operated by a political subdivision at the time of Richard's act of dealing in cocaine. We disagree.

To convict Richard on Count I, the State was required to prove that Richard knowingly or intentionally delivered cocaine within one thousand feet of a public park. Ind. Code § 35-48-4-1(a)(1)(C), (b)(3)(B)(ii) (2011). A "public park" means "any

property operated by a political subdivision for park purposes . . . ." Ind. Code § 35-41-1-23.7 (2011).

Melissa Mischky, geographic information systems coordinator for the Michigan City Sanitary District, was commissioned by the prosecutor in this matter to construct maps depicting the areas within one thousand feet of 515 Union Street and 221 Crestwood Drive. Specific to Count I, Mischky testified that she determined the park status and ownership of Hansen Park, stating she "consulted . . . the county tax records to see ownership, whether it was the city of Michigan City, specific to park locations. At that point then, all parcels were confirmed with the parks department to confirm their ownership and their shape and location." Transcript at 587. We believe this testimony is sufficient to prove that Hansen Park was owned by a political subdivision. Furthermore, we believe Mischky's testimony that her knowledge as to the park's ownership was a result of research specific to Richard's case is sufficient to create an inference that Hansen Park was a public park at the time Richard committed his offense. Therefore, we conclude Richard's claims of insufficient evidence as to Count I are incorrect.

B. Dealing in Cocaine within One Thousand Feet of a Family Housing Complex

Richard also contends there was insufficient evidence presented at trial to convict him of dealing in cocaine within one thousand feet of a family housing complex. He alleges the evidence was not sufficient to prove the substance sold to Vernard at the second controlled buy was cocaine, and he also argues there was no evidence showing that Garden Estates Housing Complex was a family housing complex on the date of Richard's offense. While we find there was sufficient evidence to prove Richard sold

cocaine to Vernard on June 4, 2012,[2] we agree that the State did not present sufficient evidence to prove his crime was committed within one thousand feet of a family housing complex.

To convict Richard on Count II, the State was required to prove that Richard knowingly or intentionally delivered cocaine within one thousand feet of a family housing complex. Ind. Code § 35-48-4-1(a)(1)(C), (b)(3)(B)(iii) (2011). A "family housing complex" is defined as

> a building or series of buildings:
> (1) that contains at least twelve (12) dwelling units:
>     (A) where children are domiciled or are likely to be domiciled; and
>     (B) that are owned by a governmental unit or political subdivision;
> (2) that is operated as a hotel or motel (as described in IC 22-11-18-1);
> (3) that is operated as an apartment complex; or
> (4) that contains subsidized housing.

Ind. Code § 35-41-1-10.5 (2011). The fact that a family housing complex existed <u>at the time of the offense</u> is an essential element of the charge.

At trial, the State submitted evidence that arguably established that Garden Estates Housing Complex was a family housing complex within one thousand feet of the offense <u>at the time of trial</u>. However, the State failed to submit evidence at trial proving beyond a reasonable doubt that such was true at the time of Richard's offense, which occurred more than one year earlier. Therefore, we reverse Richard's conviction for dealing in cocaine within one thousand feet of a family housing complex as a Class A felony and

---

[2] In Richard's initial brief, he essentially argues that a defect in the chain of custody existed that failed to establish a link between the substance bought from Richard on June 4 and the substance that the State's expert testified tested positive for cocaine. The State's brief, however, points to evidence in the record establishing such a link, and Richard's reply brief does not argue this point.

remand with instructions to reduce that conviction to the lesser included offense of dealing in cocaine as a Class B felony.  See Ind. Code § 35-48-4-1(a) (2011).

Conclusion

We conclude there was sufficient evidence to convict Richard of dealing in cocaine within one thousand feet of a public park.  However, we conclude the State did not submit sufficient evidence to prove Richard committed dealing in cocaine within one thousand feet of a family housing complex.  Accordingly, we affirm Richard's conviction on Count I but reverse his conviction on Count II as a Class A felony.  We further remand with instructions that the conviction on Count II be reduced to a Class B felony and that Richard be resentenced on that count.

Affirmed in part, reversed in part, and remanded.

BAKER, J., and KIRSCH, J., concur.