## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 15 2018, 9:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael V. Richards,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 15, 2018

Court of Appeals Case No.
49A02-1709-CR-2171

Appeal from the Marion Superior Court

The Honorable Ronnie Huerta, Commissioner

Trial Court Cause No.
49G19-1702-CM-6617

**Najam, Judge.**

## Statement of the Case

Michael V. Richards appeals his convictions, following a bench trial, for resisting law enforcement, as a Class A misdemeanor, and public intoxication, as a Class B misdemeanor. Richards raises one issue on appeal, namely, whether the State presented sufficient evidence to support his convictions.

We affirm.

## Facts and Procedural History

At approximately 5:00 p.m. on February 17, 2017, Officer Sherry Denny with the Indianapolis Metropolitan Police Department ("IMPD") responded to a call at the intersection of Southport Road and U.S. 31 in Indianapolis. Dispatch had received multiple calls that a man was walking in and out of traffic at that intersection. Upon her arrival, Officer Denny saw Richards standing in a nearby office parking lot with Jacqueline Meurer. Meurer had begun a conversation with Richards because she was concerned for his safety since he was "hovering around" the rush-hour traffic. Tr. Vol. II at 44. Meurer was also concerned about Richards because "[h]e was definitely not acting right." *Id.* at 47.

Officer Denny observed that Richards was "stumbling around" in the parking lot. *Id.* at 7. She also observed that his hands were in his pockets. For her safety, she requested that he remove his hands, but he did not comply. Officer Denny "continued to ask him to take his hands out of his pockets." *Id.* at 8. Richards attempted to say something in response, but his speech was "muffled

and slurred," and Officer Denny could not understand what he said. *Id*. Based on her training, his speech, and because "[h]e was unsteady on his feet," *id.* at 9, Officer Denny believed that Richards "was under the influence of something." *Id*. at 8.

[5] Officer Denny continued to ask Richards to remove his hands from his pockets. Richards still did not comply, and Officer Denny attempted to handcuff him. She placed the handcuffs on one of his hands, but she was unable to handcuff the second hand because "he kind of hunkered down and leaned away from me to try to get away." *Id*. at 20. Officer Denny and Richards then "did some spins in the parking lot" as Officer Denny attempted to get Richards' other hand in the handcuffs. *Id*. Richards was fighting her and "actively trying to get away." *Id*. at 32. Eventually, Officer Denny and Richards fell to the ground.

[6] IMPD Officer Steven Hayth arrived at the scene shortly after Officer Denny. He observed Richards "resisting [Officer Denny] trying to put him in the handcuffs." *Id*. at 34. He also observed Officer Denny and Richards fall and continue to struggle on the ground. Richards continued to struggle, and "he was fighting" to keep Officer Denny from getting his other hand. *Id*. at 21. Richards "was trying to get out from underneath [Officer Denny] and [Officer Denny] was trying to put his hands behind his back." *Id*. at 35. At that point, Officer Hayth decided to assist Officer Denny but Richards continued to "try[] to forcefully get his hands out from our grasp." *Id*. With Officer Hayth's assistance, Officer Denny was able to place handcuffs on both of Richards' hands, but he was "still kicking and writhing around trying to get away[.]" *Id*.

at 22.  The officers "had to put shackles on him to keep him from kicking" them.  *Id.*

[7]   While Officers Denny and Hayth waited for other officers to arrive, they asked Richards to stay seated.  But Richards kept trying to stand up and go towards the officers in a "threatening" manner.  *Id.* at 42.  Officer Hayth noticed that Richards had "extremely glassy eyes, bloodshot eyes.  His manual dexterity was poor.  He was . . . kind of waving back and forth" while he was on his feet.  *Id.* at 38.  Officer Hayth also noticed that Richards "was very belligerent," and testified that Richards told one of the officers to perform a sexual act on another officer.  *Id.*  Based on his observations of Richards, he believed that Richards was intoxicated.

[8]   The State charged Richards with two counts of resisting law enforcement, as Class A misdemeanors (Counts I and II), and one count of public intoxication, as a Class B misdemeanor (Count III).  On August 31, the trial court held a bench trial.  The court found Richards guilty of all three charges, but it later vacated his conviction for Count I.  The court sentenced Richards to an aggregate term of 365 days, with 305 days suspended.  This appeal ensued.

## Discussion and Decision

[9]   Richards contends that the State failed to present sufficient evidence to support his convictions.  Our standard of review on a claim of insufficient evidence is well settled:

> For a sufficiency of the evidence claim, we look only at the probative evidence and reasonable inferences supporting the [judgment]. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh the evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

*Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017).

### *Resisting Law Enforcement*

[10]   Richards first contends that the State failed to present sufficient evidence to support his conviction for resisting law enforcement, as a Class A misdemeanor. To convict Richards of resisting law enforcement, as a Class A misdemeanor, the State was required to prove that Richards: knowingly or intentionally; forcibly; resisted, obstructed, or interfered with a law enforcement officer; while the law enforcement officer was lawfully engaged in the execution of the officer's duties. *See* Ind. Code § 35-44.1-3-1(a)(1) (2017). Here, the parties dispute only whether the evidence shows that Richards forcibly resisted the law enforcement officers.

[11]   As the Indiana Supreme Court has explained, "a person 'forcibly' resists, obstructs, or interferes with a police officer when he or she uses strong, powerful, violent means to impede an officer in the lawful execution of his or her duties." *Walker v. State*, 998 N.E.2d 724, 727 (Ind. 2013). While the statute does not demand complete passivity, the force involved need not rise to the level of mayhem. *Id.* Even a modest level of resistance, including stiffening

one's arms when an officer grabs them to position them for cuffing, might support the offense. *Id*.

[12] Richards specifically asserts that there was insufficient evidence to demonstrate that he forcibly resisted because he did not use "[s]trong, violent, or powerful means" to resist Officer Denny. Appellant's Br. at 13. To support his contention, Richards relies on *Macy v. State*, 9 N.E.3d 249 (Ind. Ct. App. 2014). In *Macy*, police officers arrived at the defendant's home to investigate a complaint. The defendant began "making a scene," so one of the police officers arrested her. *Id*. at 250. The officer placed the defendant in his vehicle, but she opened the door and got out of the car. The officer requested that she get back in the car. At that point, she planted her feet on the ground and the officer had to pick up her feet and put them in the car. The trial court found her guilty.

[13] On appeal, this court held that the defendant's acts of opening the door of the police car did not constitute forcible resistance because the act did not involve any interaction with the officer and it was not directed towards the officer and did not present a threat to him. *Id*. at 253. This court also held that her act of planting her feet outside the officer's car, such that the officer had to pick her feet up and place them in the car, was an act of passive resistance that is not punishable under the statute. *Id*. In the present case, Richards contends that, like in *Macy*, his actions "were clearly passive." Appellant's Br. at 14.

[14] We reject Richards' argument. In *Macy*, the defendant simply opened a car door and planted her feet on the ground. Here, Richards' actions were not so

"passive." When Officer Denny attempted to place him in handcuffs, he "hunkered down and leaned away" from Officer Denny, Tr. Vol. II at 20, and he was "actively trying to get away" from her. *Id.* at 32. As he attempted to get away from her, they "did some spins in the parking lot" as Officer Denny attempted to get his other hand in the handcuffs. *Id.* at 20. Eventually, Officer Denny and Richards fell to the ground, but even there Richards was "fighting" for his other hand, *id.* at 21, and "trying to get out from underneath" Officer Denny. *Id.* at 35. Even after Officer Hayth decided to assist Officer Denny, Richards continued to "try[] to forcefully get his hands" from the officers. *Id.* Further, after the officers placed Richards in handcuffs, he was "kicking and writhing around" to try to get away, and the officers had to place shackles on him to keep from getting kicked. *Id.* at 22. As such, the evidence readily shows that Richards forcibly resisted the law enforcement officers. Accordingly, we affirm his conviction for resisting law enforcement, as a Class A misdemeanor.

### *Public Intoxication*

[15] Richards also contends that the State failed to present sufficient evidence to support his conviction for public intoxication, as a Class B misdemeanor. To convict Richards of public intoxication, as a Class B misdemeanor, the State was required to prove that he was in a public place, in a state of intoxication caused by his use of alcohol or a controlled substance, and that he had

endangered his life. *See* I.C. § 7.1-5-1-3(a)(1). Richards maintains that the evidence is insufficient to prove that he was intoxicated.[1]

[16] Richards contends that the State did not present sufficient evidence because "[n]owhere in the record is there any mention of the consumption of large amounts of alcohol, odor of alcoholic beverage, failure of field sobriety tests, bloodshot eyes or even slurred speech." Appellant's Br. at 12. But we agree with the State that a reasonable fact-finder could have determined from the evidence that Richards was intoxicated. Officer Denny testified that Richards was "stumbling around" in the parking lot. Tr. Vol. II at 7. She further testified that his speech was "muffled and slurred." *Id*. at 8. And she testified that, based on her training and her three years of experience as a police officer, she believed that Richards was intoxicated.

[17] Officer Hayth also testified that Richards had "extremely glassy eyes, bloodshot eyes. His manual dexterity was poor. He was . . . kind of waving back and forth" while he was on his feet and he "was very belligerent." *Id*. at 38. Based on Officer Hayth's sixteen years of experience as an officer and his observations of Richards, Officer Hayth believed that Richards was intoxicated. Further, the State presented the testimony of Meurer, who had witnessed the incident. Meurer testified that Richards's "composure was that he wasn't walking straight. He was like wobbling." *Id*. at 45. Meurer also believed that Richards

---

[1] In his brief, Richards states that "[t]he issues for this appeal are whether there was sufficient evidence in the record to prove that Mr. Richards endangered his life." Appellant's Br. at 10. However, he does not make any argument on that point.

was intoxicated because "[h]e was definitely not acting right." *Id.* at 47. Therefore, the evidence most favorable to the trial court's judgment shows that Richards was intoxicated. *See Stephens v. State*, 992 N.E.2d 935, 938 (Ind. Ct. App. 2013) (holding that there was sufficient evidence to find that the defendant was intoxicated based on the officer's testimony that the officer smelled alcohol on the defendant's breath and that the defendant had bloodshot eyes, slurred speech, and an unsteady gait). As such, we affirm his conviction for public intoxication, as a Class B misdemeanor.

[18] In sum, the evidence most favorable to the judgment supports Richards' convictions for resisting law enforcement, as a Class A misdemeanor, and public intoxication, as a Class B misdemeanor. Richards' contentions on appeal are simply requests that we reweigh the evidence, which we cannot do. We affirm Richards' convictions.

[19] Affirmed.

Mathias, J., and Barnes, J., concur.