FILED

Oct 31 2018, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrew A. Kobe
Section Chief, Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Laperria Marie Brooks,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 31, 2018

Court of Appeals Case No.
18A-CR-759

Appeal from the Marion Superior
Court

The Honorable Amy M. Jones,
Judge

Trial Court Cause No.
49G08-1707-CM-26623

**Pyle, Judge.**

## Statement of the Case

[1] Laperria Brooks ("Brooks") was convicted following a bench trial of Class A misdemeanor criminal trespass,[1] Class A misdemeanor resisting law enforcement,[2] and Class B misdemeanor disorderly conduct.[3] On appeal, Brooks argues that there was insufficient evidence to support only her conviction for resisting law enforcement. Finding that there was insufficient evidence to support her conviction, we reverse her conviction for resisting law enforcement. We remand with instructions for the trial court to vacate the Class A misdemeanor resisting law enforcement conviction and enter a new sentencing order and abstract of judgment to reflect the vacated conviction.

[2] We reverse.

## Issue

Whether there was sufficient evidence to support Brooks' resisting law enforcement conviction.

## Facts

[3] On July 19, 2017, Brooks attempted to cash a check at a Kroger store in Indianapolis. Brooks became upset when the manager told her that Kroger would not cash her check because she did not have proper identification. Brooks started yelling loudly and "disrupting the whole store." (Tr. 8). The

---

[1] IND. CODE § 35-43-2-2.

[2] I.C. § 35-44.1-3-1.

[3] I.C. § 35-45-1-3.

manager informed Brooks that she needed to leave the store several times, but she refused. The manager then called the police.

[4] Officer Jonathon Willey ("Officer Willey") of the Indianapolis Metropolitan Police Department arrived at the Kroger store and found Brooks refusing to leave the store. Brooks was still yelling loudly and attracting the attention of other customers. Officer Willey told Brooks multiple times to stop yelling and to leave the store, but Brooks refused. Eventually, Officer Willey put his arm around Brooks and tried to walk her out of Kroger. Brooks recoiled at Officer Willey's touch. Brooks told Officer Willey that she would walk out of the store if he took his arm off her. Officer Willey removed his arm, and Brooks left the store.

[5] After Brooks left Kroger, Officer Willey told her that she needed to leave the parking lot as well. Brooks refused and continued to be "very loud" even after Officer Willey warned her multiple times that she would be arrested for trespassing if she did not leave. (Tr. 15). Brooks refused to leave the parking lot. Officer Willey informed Brooks that she was under arrest and to put her hands behind her back. When Officer Willey tried to handcuff Brooks, "[s]he tensed up and wouldn't give [him] her arms." (Tr. 15). At trial, the State asked Officer Willey, "[w]as [Brooks] using force to get away?" (Tr. 16). Officer Willey responded, "[s]he was using her physical stature to not give us her arms." (Tr. 16). With the assistance of a second officer, Officer Willey was able to handcuff Brooks and place her under arrest.

[6]     On July 20, 2017, the State charged Brooks with: Count I, criminal trespass, a Class A misdemeanor; Count II resisting law enforcement, a Class A misdemeanor; and Count III, disorderly conduct, a Class B misdemeanor. The matter proceeded to a bench trial on March 9, 2018. Brooks, the Kroger manager, and Officer Willey testified to the facts above. The trial court found Brooks guilty of all three counts. The trial court sentenced Brooks to concurrent sentences of one (1) year on Counts I and II, with a concurrent sentence of 180 days on Count III. The court suspended the sentence, except for time served, and sentenced Brooks to 361 days of probation.

## Decision

[7]     Brooks challenges the sufficiency of the evidence for only her resisting law enforcement conviction. Our standard of review for sufficiency of evidence claims is well settled. We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider only the probative evidence and reasonable inferences supporting the verdict. *Id*. Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

[8]     In order to convict Brooks of resisting law enforcement, the State was required to prove beyond a reasonable doubt that: (1) Brooks; (2) knowingly; (3) *forcibly* resisted, obstructed, or interfered with; (4) Jonathan Willey, a law enforcement officer; (6) while said officer was lawfully engaged in his duties as a law

enforcement officer. I.C. § 35-44.1-3-1(a)(1) (emphasis added). On appeal, Brooks maintains that the evidence is insufficient to show that she forcibly resisted Officer Willey. We agree.

[9] Our supreme court held that any action to resist must be done with force. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993) (reversing defendant's conviction for resisting law enforcement because there was insufficient evidence of force where defendant merely resisted service of process by vehemently refusing to accept service and turning and walking away). "[O]ne 'forcibly resists' law enforcement when *strong*, *powerful*, *violent* means are used to evade a law enforcement official's rightful exercise of his or her duties." *Id.* at 723 (emphasis added). The forcible resistance element requires "some form of violent action toward another." *Id.* at 724. "It is error as a matter of law to conclude that 'forcibly resists' includes all actions that are not passive." *Id.* "The force involved need not rise to the level of mayhem." *Graham v. State*, 903 N.E.2d 963, 965 (Ind. 2009). Indeed, "turn[ing] [and] pull[ing] away" from a law enforcement encounter, *K.W. v. State*, 984 N.E.2d 610, 612-13 (Ind. 2013), leaning away from an officer's grasp, *A.C. v. State*, 929 N.E.2d 907, 912 (Ind. Ct. App. 2010), refusing to present arms for handcuffing, *Graham*, 903 N.E.2d 966, "twisting and turning 'a little bit'" against an officer's actions, *Ajabu v. State*, 704 N.E.2d 494, 495-96 (Ind. Ct. App. 1998), or walking away from a law enforcement encounter, *Spangler*, 607 N.E.2d at 724, do not establish forcibly resisting law enforcement.

In the instant case, both Officer Willey and Brooks testified to the events surrounding her arrest. Officer Willey testified in relevant part as follows:

> [Officer Willey]: She tensed up and wouldn't give me her arms.
>
> * * *
>
> [Officer Willey]: She just kept tensing up and pulling away.
>
> * * *
>
> [State]: Was she using force to get away?
>
> [Officer Willey]: She was using her physical stature to not give us her arms.

(Tr. 15-16). Brooks testified on direct examination as follows:

> [Brooks' Attorney]: And you admit that you did tense up when he touched you. Right?
>
> [Brooks]: Yes sir.
>
> [Brooks' Attorney]: And you pulled away some?
>
> [Brooks]: Yes sir.

(Tr. 23).

Here, nothing in the testimony from Officer Willey or Brooks suggests that she employed any "strength, power, or violence" against the officers. *See Spangler*, 607 N.E.2d at 724. There is no specific testimony to even suggest that Officer Willey had to use force to execute the arrest. There was no movement or threatening gesture made in the direction of Officer Willey. Indeed, Officer Willey was specifically asked whether or not Brooks used force to get away, and he did not answer in the affirmative.

[12] The State argues that Brooks "used physical force against the officer to prevent the officer from handcuffing her . . . ." (State's Br. 7). As detailed above, the facts supporting this argument are not found within the record. The evidence "demonstrates obnoxious disrespect for authority, but not the use of any force" by Brooks. *See Graham*, 903 N.E.2d at 964. Accordingly, we hold that the State failed to present sufficient evidence to prove beyond a reasonable doubt that Brooks forcibly resisted the officer. Therefore, we reverse Brooks' conviction for Class A misdemeanor resisting law enforcement.

[13] Reversed.

Najam, J., and Crone, J., concur.