

**FILED**

Nov 19 2020, 8:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Talisha Griffin

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin Shoptaw
Deputy Attorney General

Alexandria Sons
Certified Legal Intern

Anthony J. Smith
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Torence L. Jackson, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 19, 2020

Court of Appeals Case No.
20A-CR-385

Appeal from the Marion Superior
Court

The Honorable Amy M. Jones,
Judge
The Honorable David Hooper,
Magistrate

Trial Court Cause No.
49G08-1910-CM-41963

**Shepard, Senior Judge.**

[1] An officer investigating a report of disorderly people at a gas station handcuffed Torence L. Jackson, Jr., after Jackson refused to remove his hands from his pockets. His eventual conviction for resisting arrest presents legitimate questions about the element of force required for such a crime.

## Issues

[2] Jackson raises two issues:

    I.     Whether his conviction can stand in the absence of any evidence that he exercised any force; and

    II.    Whether the trial court erred in ordering him to pay a public defender fee.

## Facts and Procedural History

[3] On October 27, 2019, Indianapolis Metropolitan Police Department Officer Shawn Romeril was dispatched to a gas station to investigate a report that two men were harassing customers. Officer Romeril knew the gas station was in "a high crime area" and that violent crimes had happened there. Tr. Vol. II, p. 10.

[4] When Officer Romeril arrived, he saw two men, later identified as Jackson and a companion. As the officer drove up in a marked patrol car, the two men saw him and put their hands in their pockets. Officer Romeril, who was in full uniform, got out of his car and told the men to take their hands out of their pockets and sit down. Jackson's companion complied, but Jackson kept his hands in his pockets.

Officer Romeril approached Jackson, repeatedly telling him to take his hands out of his pockets, but Jackson refused to comply. The officer removed Jackson's hands from his pockets and handcuffed him. At that point, Jackson's companion stood up and ran away. Officer Romeril chased him.

Jackson left the gas station while Officer Romeril was gone. Other officers arrived and searched the area. One of them located Jackson and brought him to Officer Romeril, who arrested him.

The State charged Jackson with forcibly resisting law enforcement, a Class A misdemeanor,[1] and public intoxication, a Class B misdemeanor. The trial court held a bench trial. During trial, Jackson moved to dismiss the charges. The court dismissed the charge of public intoxication but not the charge of resisting. The court determined Jackson was guilty of resisting and imposed a sentence. This appeal followed.

# Discussion and Decision

## I. Sufficiency of the Evidence

We do not assess the credibility of witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Brooks v. State*, 113 N.E.3d 782 (Ind. Ct. App. 2018). We consider only the probative evidence and reasonable inferences supporting the verdict. *Id.* We will affirm the conviction if there is

---

[1] Ind. Code § 35-44.1-3-1(a)(1) (2019).

substantial evidence of probative value from which a reasonable factfinder could have concluded beyond a reasonable doubt that the defendant was guilty of the crime charged. *Johnson v. State*, 833 N.E.2d 516 (Ind. Ct. App. 2005).

[9] To obtain a conviction of resisting law enforcement, as charged, the State was required to prove beyond a reasonable doubt that (1) Jackson (2) knowingly or intentionally (3) forcibly (4) resisted, obstructed, or interfered (5) with a law enforcement officer (6) while the officer was lawfully engaged in the execution of the officer's duties. Ind. Code § 35-44.1-3-1(a)(1). The parties' dispute focuses on whether Jackson forcibly resisted Officer Romeril's efforts to remove Jackson's hands from his pockets and handcuff him.

[10] In *Graham v. State*, 903 N.E.2d 963 (Ind. 2009), officers arrived at Graham's house after he reportedly shot at another person. Graham came outside, but he refused to comply with officers' demands to raise his hands and turned to reenter his home. Next, they fired "bean bag" rounds at Graham's legs, knocking him down. *Id.* at 965. The officers carried him off of his porch, put him on the ground, and handcuffed him. Graham was convicted of Class A resisting law enforcement, among other offenses. The Indiana Supreme Court reversed, noting there was no evidence that he physically resisted the officers' efforts once they picked him up.

[11] In *Berberena v. State*, 914 N.E.2d 780 (Ind. Ct. App. 2009), *trans. denied*, an officer ordered Berberena to put his hands behind his back, but he did not comply. Next, the officer pushed Berberena against a wall, grabbed his hands,

and placed them in handcuffs. A panel of this Court reversed Beberena's conviction of Class A misdemeanor resisting law enforcement, concluding there was no evidence that Berberena forcibly resisted the officer, such as by stiffening his arms or taking other physical action against the officer. *See also Colvin v. State*, 916 N.E.2d 306 (Ind. Ct. App. 2009) (reversing a conviction for resisting; Colvin refused to take hands out of pockets, and officers placed him on ground and handcuffed him, but Colvin did not physically resist), *trans. denied*; *cf. Johnson v. State*, 833 N.E.2d at 518-19 (affirming a conviction for resisting; Johnson pushed away from officers as they attempted to search him and "stiffened up" when officers attempted to place him in transport vehicle).

[12] Other jurisdictions have addressed the use of force by defendants who fail to obey police instructions. *Compare State v. Caldwell*, 352 S.W.3d 378 (Mo. Ct. App. 2011) (reversing conviction for resisting arrest; Caldwell did not physically resist officer but instead merely refused to open her car door), *with State v. Belton*, 108 S.W.3d 171 (Mo. Ct. App. 2003) (affirming conviction for resisting arrest; Belton struggled against officer attempting to pull him out of his car); *see also Rich v. State*, 44 A.3d 1063, 1082-83 (Md. Ct. Spec. App. 2012) (reversing conviction for resisting arrest; fleeing from officer does not establish "resistance by force," and Rich did not struggle against being handcuffed once caught); *State v. Prince*, 972 P.2d 859 (N.M. Ct. App. 1998) (reversing conviction for obstructing police officer; Prince did not physically or verbally resist officer's commands).

The facts of Jackson's case more closely resemble the circumstances of *Graham, Berberena* and *Colvin* than the circumstances of *Johnson*. Jackson did not comply with Officer Romeril's instructions to take his hands out of his pockets and sit down. We do not endorse his refusal to cooperate. Still, there is no evidence that Jackson physically resisted, such as by pulling away or stiffening his arms, when Officer Romeril grabbed his hands and handcuffed him. In the absence of physical efforts by Jackson to oppose Officer Romeril, there is insufficient evidence to support the "forcibly" element of the offense of resisting law enforcement. We reverse Jackson's conviction.

## II. Public Defender Fee

Jackson argues the trial court abused its discretion by ordering him to pay a public defender fee without asking about his ability to pay. To its credit, the State concedes the trial court was obligated to consider whether Jackson could pay the fee and did not. We reverse the trial court's imposition of the fee.

## Conclusion

For the reasons stated above, we reverse the judgment of the trial court.

Reversed.

Najam, J., and Brown, J., concur.