

I N  T H E

# Court of Appeals of Indiana

K.B.,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

May 16 2025, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

May 16, 2025

Court of Appeals Case No.
24A-JV-2508

Appeal from the Marion Superior Court

The Honorable A. Richard M. Blaiklock, Judge

Trial Court Cause No.
49D15-2404-JD-4137

**Opinion by Judge DeBoer**

Judges Bailey and Vaidik concur.

**DeBoer, Judge.**

## Case Summary

K.B. appeals his adjudication as a delinquent for resisting law enforcement, a Class A misdemeanor if committed by an adult. K.B. presents one issue for our review, which we restate as whether there was sufficient evidence presented to adjudicate K.B. delinquent for resisting law enforcement. Finding there was not, we reverse the trial court's judgment and vacate K.B.'s delinquency adjudication.

## Facts and Procedural History

In April 2024, Officer Samuel Kreigh conducted a traffic stop on a speeding car with heavily tinted windows near downtown Indianapolis. When he approached the car, he observed five occupants, and only the driver was wearing her seat belt. Officer Kreigh asked all five people for their identification, but only the driver complied. The other passengers became "hostile," and the front seat passenger "was yelling at [him][.]" Transcript Vol. 2 at 50, 58. While Officer Kreigh "tr[ied] to get their information," K.B., seated in the rear passenger seat, told him that he was a juvenile and didn't have to identify himself, and then he rolled up the window while Officer Kreigh was talking. *Id.* at 50. This prompted Officer Kreigh to request backup.

[3]     When backup arrived, the officers ordered all of the occupants out of the car "for officer safety [] because the t[i]nt was so dark." *Id.* The driver and front passenger complied, but all three of the back seat passengers refused. Officer Kreigh tried to open the back passenger door by reaching inside the car through the back window that was rolled down, but another back seat passenger (not K.B.) "roll[ed] the window up onto [the officer's] wrist." *Id.* at 51. The officers had to pull the other two back seat passengers from the car, but K.B. "got out on his own[.]" *Id.* When police tried to put handcuffs on K.B., he "refused to turn around" and another officer "had to put her hands on him, put him against the car for him to be handcuffed." *Id.*

[4]     Following the August bench trial, the court adjudicated K.B. delinquent for resisting law enforcement.[1] In its August 16th order, the court concluded:

> The undisputed and credible evidence was that [K.B.] interfered with Officer Kreigh's attempts to communicate with him when [K.B.] was in the car, to remove [K.B.] from the car, and then to cooperate with the Officer when [K.B.] was out of the car.

---

[1] Ind. Code § 35-44.1-3-1(a)(1). K.B. was also charged with dangerous possession of a firearm for a gun found on the floor of the car in front of where K.B. was sitting, but the trial court returned a "not true" verdict on this count. Appellant's App. Vol. 2 at 63.

Appellant's Appendix Vol. 2 at 64. On September 16, 2024, the trial court closed the case with no further disposition.[2] *Id.* at 15. K.B. appeals.

## Discussion and Decision

[5]  K.B. challenges the sufficiency of the evidence supporting his adjudication for resisting law enforcement.[3] "When reviewing the sufficiency of the evidence in a juvenile adjudication, we do not reweigh the evidence or judge witness credibility." *B.T.E. v. State*, 108 N.E.3d 322, 326 (Ind. 2018). Instead, we apply a deferential standard of review, where only evidence "favorable to the judgment and the reasonable inferences supporting it" will be considered. *Id.* "We will affirm a juvenile adjudication 'if a reasonable trier of fact could conclude that the [respondent] was guilty beyond a reasonable doubt.'" *A.W. v. State*, 229 N.E.3d 1060, 1064 (Ind. 2024) (quoting *B.T.E.*, 108 N.E.3d at 326).

[6]  To adjudicate K.B. delinquent for resisting law enforcement, "the State had to prove that he: (1) knowingly or intentionally; (2) forcibly; (3) resisted, obstructed, or interfered with; (4) a law enforcement officer; (5) while the officer

---

[2] After his adjudication, K.B.'s probation officer asked the court for "a true finding and closure," noting: this would have been a misdemeanor if committed by an adult, K.B.'s lack of significant criminal or juvenile history, and K.B. was already 18. Tr. Vol. 2 at 104. Thus, "anything further would result in [K.B.'s] involvement in the adult system." *Id.* The trial court agreed, and told defense counsel to "give [K.B. the] stern talking to that I would have given him[.]" *Id.* at 105.

[3] K.B. argues that his adjudication was entered in violation of several constitutional provisions, including his "rights to due process, fundamental fairness, and a fair trial, under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article One, Sections Twelve and Thirteen of the Indiana Constitution." Appellant's Br. at 6. Since these provisions were in no way analyzed by K.B., we address this matter solely from a sufficiency standpoint.

was lawfully engaged in the execution of the officer's duties." *Runnells v. State*, 186 N.E.3d 1181, 1184 (Ind. Ct. App. 2022); Ind. Code § 35-44.1-3-1(a)(1).

[7] Focusing solely on the forcible element of the statute, K.B. claims that the record lacks evidence that he used "strong, powerful, or violent means" against the officers. Appellant's Br. at 6. Indiana appellate courts have traditionally considered "forcibly" as "an essential element" of resisting law enforcement, which must be present in conjunction with resistance, obstruction, or interference with law enforcement. *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013) (citing *Spangler v. State*, 607 N.E.2d 720, 722-23 (Ind. 1993)). Our Indiana Supreme Court has held that a person "forcibly resists" law enforcement "when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Spangler*, 607 N.E.2d at 723. "Forcibly" also requires "something more than mere action." *Id.* at 723-24.

[8] According to Officer Kreigh, when he pulled over the car that evening, the scene became chaotic. The driver and front passenger yelled at the officers, "everybody" was saying the officers "were in the wrong," and the occupants claimed they were being "harass[ed]" by the police. Tr. Vol. 2 at 58, 55. The record does not reflect the extent to which K.B. contributed to this aspect of the chaos. Viewing K.B.'s actions in the light most favorable to the judgment, K.B. refused to identify himself when asked by the officers, he rolled up the window while Officer Kreigh was trying to identify passengers, and, at least initially,

refused to exit the car. While those actions may be disrespectful, even an "obnoxious disrespect for authority" is insufficient to support a conviction for resisting law enforcement. *Brooks v. State*, 113 N.E.3d 782, 785 (Ind. Ct. App. 2018). Unlike K.B.'s back seat companions, K.B. did not have to be pulled out of the car by the officers; he exited the car on his own.

[9] Once he was out of the car, K.B. refused to turn around to be handcuffed—prompting another officer to put him against the car to do so.[4] A similar situation occurred in *Aguirre v. State*, 953 N.E.2d 593, 594 (Ind. Ct. App. 2011), *trans. denied*. This Court reversed Aguirre's resisting law enforcement conviction based on evidence that she refused to turn around and put her hands behind her back and instead "dove her hand into her purse" to answer her cell phone, causing an officer to "push[] her against her car" to handcuff her. *Id.* Similar to Aguirre, K.B. did not "use[] force or [make] threatening or violent actions" towards the officer. *Id.* at 596; *see also Berberena v. State*, 914 N.E.2d 780, 781, 783 (Ind. Ct. App. 2009) (reversing conviction for resisting law enforcement where Berberena refused to put his hands behind his back,

---

[4] Although not raised by K.B. on appeal, we note that Officer Kreigh was not the officer who handcuffed K.B. The State's Petition accused K.B. of forcibly resisting, obstructing, or interfering "with Samuel Kreigh[.]" Appellant's App. Vol. 2 at 19. When describing at the fact-finding hearing what happened with K.B. after he got out of the car, Officer Kreigh referenced the officer(s) who placed handcuffs on K.B. in the third person ("[t]hey had to put her [sic] hands on him, put him against the car for him to be handcuffed."). Tr. Vol. 2 at 51. Thus, Officer Kreigh's testimony does not support K.B. forcibly resisting, obstructing, or interfering with Officer Kreigh once he was out of the car. Nonetheless, we analyze K.B.'s actions in the sufficiency context.

Berberena's opposition was "merely difficult," not forceful, and the officers had to "forcefully place Berberena against the wall of a building[.]"), *trans. denied*. None of these actions involved strong, powerful, or violent means. Neither did K.B.'s refusal to turn around for the officer.

In an effort to salvage K.B.'s adjudication, the State argues that K.B. forcibly resisted the police because his refusal to turn around "necessitated an escalation in force." Appellee's Br. at 8. But an officer's use of force in response to passive, or even some active, resistance is not evidence of forcible resistance. *Walker*, 998 N.E.2d at 727. In our case, K.B. refused to turn around, but it was the officer who used additional force to get him to comply, not K.B. Since there was no forcible resistance by K.B., his adjudication cannot stand. We reverse and vacate his adjudication for resisting law enforcement.

## Conclusion

Because there is insufficient evidence that K.B. forcibly resisted, obstructed, or interfered with Officer Kreigh in the course of his law enforcement duties, we reverse the trial court and vacate K.B.'s delinquency adjudication.

Reversed and vacated.

Bailey, J., and Vaidik, J., concur.

ATTORNEYS FOR APPELLANT

Talisha Renea Griffin
Lisa Malmer Johnson
Marion County Public Defender Agency
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana


Daylon L. Welliver
Deputy Attorney General
Indianapolis, Indiana